He offered his wife and another reputation witness.

We have stated the facts more fully than usual in order to demonstrate that penetration was proven by direct evidence and that the requested charge was not required under the facts.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

**Ray Evert CREECH, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 32926.

Court of Criminal Appeals of Texas.

Feb. 15, 1961.

No attorney for appellant of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is driving an automobile upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $100.

No statement of facts accompanies the record, and there are no formal bills of exception. The objection to the court's charge and the refusal of a requested charge show no error.

The motion for new trial alleged that one of the jurors, during the trial, conversed with the 14 year old son of the assistant county attorney who conducted the prosecution. There was no allegation that the conversation related to the case on trial, and no conversation is set out which could be harmful to appellant.

This being a misdemeanor case where the jurors could separate, the allegation was not an allegation of jury misconduct upon which the trial judge was required to hear evidence.

The judgment is affirmed.