**Arthur HOUSTON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47742.**

Court of Criminal Appeals of Texas.

March 13, 1974.

Rehearing Denied April 3, 1974.

John B. Faulkner, Waco, for appellant.

Martin Eichelberger, Dist. Atty., and Ward Casey, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of possession of heroin. Punish-

---

ment, assessed by the jury, was set at 99 years' imprisonment.

Appellant's brief, filed with the record in this appeal, advances some twenty-four grounds of error. Of these, grounds of error one through fifteen are multifarious, and therefore not properly before us for review. See Art. 40.09, Section 9, Vernon's Ann.C.C.P. Each of the grounds of error complains of certain testimony or argument without citing the specific page of the record wherein it allegedly occurred. The grounds of error are argued together, without reference to individual grounds of error, and the net result is incomprehensible. See McElroy v. State, 455 S.W.2d 223 (Tex.Cr.App.1970); Younger v. State, 457 S.W.2d 67 (Tex.Cr.App.1970); Alexander v. State, 458 S.W.2d 656 (Tex.Cr.App.1970); Smith v. State, 468 S.W.2d 448 (Tex.Cr.App.1971); Green v. State, 474 S.W.2d 212 (Tex.Cr.App.1971); Carr v. State, 475 S.W.2d 755 (Tex.Cr.App.1972); Humphrey v. State, 479 S.W.2d 51 (Tex.Cr.App.1972), and Cherry v. State, 488 S.W.2d 744 (Tex.Cr.App.1972).

Appellant's sixteenth ground of error urges that he was denied his requested charge on circumstantial evidence.

The record reflects that appellant was travelling in his automobile when he was stopped by detectives of the Waco police force. The appellant got out of the car at their request, and one of them, Rigney, "frisked" the appellant for weapons. During this "frisk" appellant stood with his hands ⋅ n the roof of the car and his legs togeth r. Rigney ordered him to part his legs, and, looking down, saw a match box hit the ground between appellant's feet. Another detective who was present testified that he saw the match box falling from the inside of appellant's trousers, between his legs. Rigney also testified that the appellant attempted to kick the match box under the car before it was retrieved. This was sufficient direct evidence of possession. The charge was not required.

Appellant's grounds of error numbers seventeen through twenty are merely stated, without argument or authority. Therefore, they too are improperly presented under Art. 40.09, V.A.C.C.P. See Hall v. State, 492 S.W.2d 512 (Tex. Cr.App.1973), and Mason v. State, 495 S. W.2d 248 (Tex.Cr.App.1973).

Appellant's eleventh ground of error alleges that jury misconduct occurred when, during a recess in his trial, one of the jurors conversed with a policeman assigned to the District Attorney's staff. The policeman was called to testify outside the presence of the jury; however, the content of the conversation was not developed. See Creech v. State, 170 Tex.Cr.R. 563, 342 S.W.2d 757 (Tex.Cr.App.1961).

Appellant's last four grounds of error complain of his arrest and the subsequent "search" which revealed the heroin. Rigney, the arresting officer, testified that on the date of the arrest he received a call from an informer who had given him accurate information on several prior occasions. The informer told him that he had seen the appellant selling heroin at an address on Elm Street, in Waco, and that the appellant was driving a beige Thunderbird automobile. Rigney stated that he and two other detectives went immediately to the Elm Street address, where he observed a beige Thunderbird, which he knew was appellant's car, being driven down the street by a woman. Appellant, who was known to Rigney, was a passenger in the car. The officers stopped the appellant's car, had him get out, and frisked him for weapons. The officers testified that they had seen him making movements as if he were placing something under the front seat, that he was known to be a violent man who carried a .38 calibre pistol, and that they feared he was armed. It was during this frisk that the heroin was found.

Warrantless arrests and searches have previously been upheld on similar facts. See Coyne v. State, 485 S.W.2d 917 (Tex.

Cr.App.1972) ; Gonzales v. State, 467 S. W.2d 454 (Tex.Cr.App.1971) ; and Broom v. State, 463 S.W.2d 220 (Tex.Cr.App. 1970), cert. den. 402 U.S. 933, 91 S.Ct. 1523, 28 L.Ed.2d 868. The arrest and search were proper.

The judgment is affirmed.