Spellman ANTWINE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 49591, 49592.

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Roger P. Schultz, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These appeals are from orders revoking probation. On May 14, 1974, appellant was convicted of burglary of a habitation (V. T.C.A., Penal Code, Section 30.02(a)(1)) in these causes and punishment was assessed at seven years in each. Imposition of each sentence was suspended and probation granted. On June 28, 1974, a hearing

was held on the State's motion to revoke probation, after which the court found that appellant:

". . . did violate condition A of his probation and that such violation of his probation was that the Defendant committed an offense against the Penal Code of the State of Texas, to-wit: Article 21.09, in that the Defendant, Spellman Antwine, did on May 31, 1974, in Dallas County, Texas, intentionally and knowingly have sexual intercourse with [C.D.], and at the time of said sexual intercourse, said [C.D.] was a female younger than 17 years of age and was not the wife of the said Spellman Antwine.

"The Court further finds that the Defendant knew that this young girl was 13 years of age and that the complainant told him that she was 13 years of age at the time of the sexual intercourse."

Appellant contends "the State's motion wholly failed to give fair notice of the conduct or acts for which the State intended to offer evidence to prove a violation of the terms and conditions of appellant's probation."

■ Although allegations in a motion to revoke probation need not possess the same particularity as an indictment or information,[1] the motion in the instant case is, in fact, drafted with that particularity. The motion to revoke alleges that:

"On the 31st day of May, 1974, in Dallas County, Texas, Spellman Antwine did then and there intentionally and knowingly, have sexual intercourse with [C.D.], and at the time of said sexual intercourse [C.D.] was not the wife of said Spellman Antwine and was a female younger than 17 years of age."

1. See e. g., Rhodes v. State, Tex.Cr.App., 491 S.W.2d 895.

V.T.C.A., Penal Code, Section 21.09(a), states:

"A person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years."

As can be seen, the motion to revoke closely followed the language of the statute.

■ Appellant contends that the failure to include the exact age of the female allegedly raped denied him the opportunity to prepare an adequate defense. It is true that everything should be stated in an indictment which is necessary to be proved. Nevertheless, a defensive issue need not be included in an indictment or information. V.T.C.A., Penal Code, Section 2.03(b), states:

"The prosecuting attorney is not required to negate the existence of a defense in the accusation charging commission of the offense."

And, even though V.T.C.A., Penal Code, Section 21.09(b) gives a possible defense if the female is 14 years or older, such defense need not be negated in an indictment.

■ It is noted that the sentences herein state that the convictions were for the offense of rape. These are obviously clerical errors. The record reflects that the court pronounced sentence in each of the two causes herein for burglary of a habitation, which is the offense reflected in the judgments. Therefore, the sentences are reformed from "rape of a child younger than 17 years—a second degree felony" to "burglary of a habitation." Anderson v. State, Tex.Cr.App., 504 S.W.2d 507; Ocker v. State, Tex.Cr.App., 477 S.W.2d 288.

There being no abuse of discretion shown, the judgments, with the sentences reformed, are affirmed.