Larry Wayne SKIDMORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50609.

Court of Criminal Appeals of Texas.

Dec. 10, 1975.

Dick Stengel, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., William J. Ellis, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder under V.T.C.A. Penal Code, Section 19.02; the punishment, 30 years.

By ground of error one, appellant contends that the court erred in refusing to suppress the appellant's oral and written confessions. He contends that his arrest was illegal, that he was not properly warned, and that he was never taken before a magistrate prior to the taking of such confessions.

Appellant and his companion Dowdy were arrested in Los Angeles, California,

upon information that they were using a credit card and were in possession of one automobile belonging to a person described in a missing persons report from El Paso. Appellant asked that he and Dowdy be questioned together, and they jointly told the officers that they had met a man named Wilburn in a bar in El Paso and that he had agreed to drive them north of the city to a carnival where they were working. On the way to the carnival, Wilburn drove to a secluded spot where he was relieved of his wallet and Dowdy pushed him off a cliff. Appellant and Dowdy then drove Wilburn's automobile to Los Angeles where they were arrested.

A pretrial hearing on the voluntariness of appellant's confessions showed that appellant was arrested around 10:30 a. m. on May 1, 1974. Over the following 33 hours, appellant was questioned by two California police officers for a period of not more than two and one-half hours. Appellant orally confessed on the afternoon of May 1, and his statements were reduced to writing the following day. Prior to making the oral statements and signing the written statement, appellant was warned in compliance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

At the conclusion of the lengthy suppression hearing [1] the trial court entered *Jackson v. Denno* [2] findings and conclusions that the written and oral confessions were freely and voluntarily given. At the trial the issue of the written confession and the oral statements was submitted to the jury with proper instructions.

The evidence supports the conclusion that the Los Angeles Police had probable cause to arrest the appellant and Dowdy, based upon the information they had as to the stolen automobile and forgery by use of the credit card. Appellant was given a full Miranda warning by the interrogating officers and signed a waiver of his rights. *Mi-*

1. The record reflects appellant did not testify at this hearing or at the trial.

2. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963).

*randa v. Arizona,* supra, does not require that the warning be given by a magistrate. *Winegarner v. State,* Tex.Cr.App., 505 S.W.2d 303; *Enriquez v. State,* Tex.Cr.App., 501 S.W.2d 117. This ground of error is overruled.

By ground of error two, appellant contends that the court erred in declining to give his requested instruction on exculpatory statements. Appellant's brief does not inform this Court as to where in the record we may find such statements or what they were. We shall assume that he had reference to the statement found in his confession:

"On the way to the carnival Wilburn said he wanted to go with us (have sex).

Wilburn directed to the hills. We decided to take the dudes wallet. I wanted to take off and leave him. James [Dowdy] pushed him over the cliff, I didn't touch him (Wilburn). We just said give us your wallet and he gave it up, I told him just give me your wallet, it was both of our idea (to take the wallet).

James came around to the right side of the car and pushed Wilburn over the cliff, I was standing four feet away then, James was angry because Wilburn had been feeling his leg."

The question before this Court is whether the charge gave the jury instructions which had the same effect in law as the charge which was requested. In *Mitchell v. State,* Tex.Cr.App., 517 S.W.2d 282, at page 286, we said:

"It is well established that special requested charges may be properly refused where the instructions given by the court are adequate and fully protect the accused as to the matters included in the requested charges."

The requested charge would have told the jury that the State had the burden of disproving the statements set forth above; i. e., that the appellant had no intention of killing Wilburn and that the death resulted from the independent act of Dowdy.

The court instructed the jury in Paragraph 29:

"If James Dowdy pushed, shoved, or threw Clinton A. Wilburn over an embankment on the occasion in question, if he did, because of rage or resentment arising out of homosexual advances made by Clinton A. Wilburn, if any, and not in furtherance of committing or attempting to commit the offense of robbery, as that term has been defined, of Clinton A. Wilburn, or in furtherance of immediate flight from such commission or attempt to commit, then Defendant Larry Skidmore is not guilty as charged; and if you have a reasonable doubt as to this issue, you must give Defendant Larry Skidmore the benefit of such doubt and find him not guilty."

This was an application of the facts as the appellant would have had the jury believe them and adequately submitted the case from his standpoint.

Ground of error three is that the court erred in declining to grant appellant's requested charge on independent impulse. We have concluded that Paragraph 29 quoted above adequately submitted appellant's defensive theory.

Ground of error four is that the court erred in declining to give his third requested charge on criminal responsibility. The requested charge would have told the jury that if the defendant did not solicit, encourage, direct, aid, or attempt to aid the commission of the murder, they must find the defendant not guilty.

In *Randolph v. State,* Tex.Cr.App., 493 S.W.2d 869, we said a charge should have been given that the accused did not intend to join his co-indictee in robbing the injured party. However, failure to give the charge was not error where the jury was instructed that in order to convict they must find accused and his co-indictee were acting together in the robbery.

In the case at bar the court instructed the jury on criminal responsibility as set forth

in V.T.C.A. Penal Code, Section 7.02(b).[3] The pertinent paragraphs of the charge are as follows:

"A person is criminally responsible for an offense commite d by the conduct of another if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in the furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy. Mere presence at the scene of the crime is not sufficient, however, to establish responsibility.

In a prosecution in which a defendant's criminal responsibility is based on the conduct of another, such defendant may be convicted on proof of commission of the offense and that he was a party to its commission, and it is no defense that the person for whose conduct such defendant is criminally responsible has been convicted of a different offense.

A person commits criminal conspiracy if, with the intent that a felony be committed:

(1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and

(2) he or one or more of them performs an overt act in pursuance of the agreement.

An agreement constituting a conspiracy may be inferred from acts of the parties.

\* \* \* \* \* \*

Bearing these instructions and charges in mind:

If you believe and find from the evidence beyond a reasonable doubt that on or about the 28th day of April, 1974, in El Paso County, Texas, in the act of committing or attempting to commit a felony, to-wit, robbery, as that term has been heretofore defined, and in the course and in the furtherance of such commission or attempted commission, if any, or in furtherance of immediate flight from any such commission or attempt to commit, James Dowdy intentionally and knowingly caused the death of Clinton W. Wilburn by the act of pushing, shoving, or throwing him over an embankment, and you further believe and find from the evidence beyond a reasonable doubt that at the time of such act by James Dowdy, if any, Defendant Larry Skidmore was in fact engaged with the same James Dowdy in a conspiracy, as that term has been heretofore defined, to commit such offense of robbery, and further, that such an act of James Dowdy causing the death of Clinton A. Wilburn, if any, was one that should have been anticipated as a result of the carrying out of the conspiracy, then you will find the Defendant Larry Skidmore guilty of murder.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of murder under the terms of the preceding paragraph and find him not guilty, unless you find him guilty under the terms of Paragraph 26.

If you believe and find from the evidence beyond a reasonable doubt that on or about the 28th day of April, 1974, in El Paso County, Texas, in the act of committing or attempting to commit a felony, to-wit, robbery, as that term has been heretofore defined, and in the course of and in the furtherance of such commission or attempted commission, if any, or in the immediate flight from any such commission or attempt to commit, James

**3.** Section 7.02(b) reads: "If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy."

Dowdy caused the death of Clinton A. Wilburn by the act of pushing, shoving, or throwing the said Clinton A. Wilburn over an embankment, and that such act by James Dowdy, if any, was clearly dangerous to human life, and you further believe and find from the evidence beyond a reasonable doubt, that at the time of such act by James Dowdy, if any, Defendant Larry Skidmore was in fact engaged with the said James Dowdy in a conspiracy, as that term has heretofore been defined, to commit such offense of robbery, and that such act, causing the death of Clinton A. Wilburn, if any, was one that should have been anticipated as a result of the carrying out of the conspiracy, then you will find Defendant Larry Skidmore guilty of murder.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of murder under the terms of the preceding paragraph and find him not guilty, unless you have found him guilty under the terms of Paragraph 24.

If there was no conspiracy between James Dowdy and Defendant Larry Skidmore to commit robbery, as that term has been defined, of Clinton Wilburn, then Defendant Larry Skidmore is not guilty as charged; and if you have a reasonable doubt as to this issue, you must give the Defendant Larry Skidmore the benefit of such doubt and find him not guilty.

\*   \*   \*   \*   \*   \*

Unless you find from the evidence beyond a reasonable doubt that the death of Clinton A. Wilburn, if any, was caused by his having been pushed, shoved, or thrown over an embankment, or if you have a reasonable doubt, thereof, you will find the Defendant not guilty. In connection with the term 'caused' you are instructed as follows: A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient."

These paragraphs, when coupled with Paragraph 29, quoted above, adequately defined criminal responsibility as applied to the facts in this case.

■ By ground of error five, appellant challenges the sufficiency of the evidence to support the conviction. He contends that the evidence does not show he was a party to the offense of murder. Excluding the exculpatory statements contained in the confession, the State's case was sufficient to make out a prima facie case of guilt for murder. The appellant did not testify or offer any evidence in his own behalf which would add to the prima facie case. His sole defense was that Dowdy committed the murder on independent impulse because of alleged homosexual advances by the deceased. This defensive theory was adequately covered by Paragraph 29 of the court's charge previously quoted.

From their verdict, it is apparent that the jury disbelieved the exculpatory portions of appellant's confession and believed only those portions of the confession which made out a prima facie case of felony murder.

We find the evidence sufficient to support the conviction.

■ Ground of error six alleges the evidence is insufficient to prove the elements of robbery under V.T.C.A. Penal Code, Section 29.02. Such a finding is not necessary in order to sustain the conviction because the case was submitted to the jury as being a conspiracy to commit robbery which resulted in a murder. All the elements of a completed offense need not be proven in a conspiracy case. We further observe that Officer Risen testified that appellant told the officer that he and Dowdy had told Wilburn "to give them the wallet or they (he and Dowdy) would take it. So he gave it to them."

Ground of error seven complains of the shuffling of the jury panel. The only evidence in support of such complaint is the statement by the court to the jury that such had occurred. No objection was made to the action of the court at the time. A motion for mistrial made during the trial will not suffice to preserve the error, if any.

Ground of error eight contends that the testimony was not sufficient to show the cause of death as alleged in the indictment. The indictment alleged that death was caused "by pushing, shoving and throwing him over an embankment." The medical expert was shown a picture of the corpse at the bottom of an embankment and stated that in his opinion death occurred "due to a fall [during which] his head impacted with a certain amount of speed, enough to render a person unconscious, until he couldn't help himself and that with the head on the ground he would be unable to breathe and asphyxiated." We conclude there is no variance between the cause of death as alleged in the indictment and as shown by the evidence, including appellant's confession in which it was recited that Dowdy pushed the deceased over the embankment.

By his last ground of error appellant contends the court erred in admitting evidence of the use of Wilburn's credit card by the appellant and Dowdy in Los Angeles. He asserts that this constituted proof of an extraneous offense. Fruits of the same crime are admissible and do not constitute an extraneous offense. *Atkins v. State*, Tex.Cr.App., 515 S.W.2d 904; *Cooper v. State*, Tex.Cr.App., 509 S.W.2d 865; *Williams v. State*, 170 Tex.Cr.R. 595, 343 S.W.2d 263.

Finding no reversible error, the judgment is affirmed.