Arn ELY, Appellant,

v.

The STATE of Texas, Appellee.

No. 56623.

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 28, 1979.

On Rehearing July 3, 1979.

**418**

Nicholas L. Carbajal, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann, and Robert J. Sussman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from four misdemeanor convictions for deceptive business practices. Punishment was assessed at 180 days imprisonment and a $2,000.00 fine on each of the four counts.

Appellant's first ground of error contends that V.T.C.A., Penal Code, Section 32.42 is void as violative of the Texas and United States Constitutions in that it (1) is vague and indefinite and (2) "fails to sufficiently describe the actions it purports to declare as criminal." The pertinent provision of V.T.C.A., Penal Code, Section 32.42 being challenged by appellant is Section 32.-42(b)(12)(B), which provides:

> (b) A person commits an offense if in the course of business he intentionally, knowingly, recklessly, or with criminal negligence commits one or more of the following deceptive business practices:
>
> \* \* \* \* \* \*
>
> (12) making a materially false or misleading statement:
>
> \* \* \* \* \* \*
>
> (B) otherwise in connection with the purchase or sale of property or service.

Subsection (d) provides that an offense under this section is a Class A misdemeanor. See V.T.C.A., Penal Code, Section 12.21.

■ Appellant's first line of attack on the statute is that it fails to specifically describe the conduct denounced. This failure to specifically describe the conduct denounced results in a vague and indefinite statute which is enforceable on an arbitrary and erratic basis by law enforcement officials, according to appellant. The basis of this contention is that the statute fails to describe specifically what constitutes "a

materially false or misleading statement." Appellant concedes that the purpose of this statute is to protect consumers from unethical business practices. It is clear that the statute speaks in terms of the evil to be cured, i. e., to prevent "materially false or misleading statements" from being used in connection with the purchase or sale of property or services. As was stated in *Boyce Motor Lines Inc. v. U. S.*, 342 U.S. 337 at 340, 72 S.Ct. 329 at 331, 96 L.Ed. 367 (1952), "most statutes must deal with untold and unforeseen variations in factual situations." To require elaborate specificity as to what constitutes "materially false or misleading statements" would undermine the efficacy of the statute. The ingenuity of humans would quickly learn ways to circumvent the specific proscriptions.

The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.

*Sproles v. Binford*, 286 U.S. 374, 52 S.Ct. 581, 587, 76 L.Ed. 1167 (1932).

The failure to specifically elaborate each "materially false or misleading statement" which, when made in connection with the purchase or sale of property or service, constitutes an offense does not render this statute void for vagueness and indefiniteness.

■ There is no question that the protection of consumers is within the allowable sphere of this State's police powers permitting it to enact laws to effectuate that protection. In the face of appellant's challenge to the constitutionality of this statute, this statute is vested with a presumption of validity and this Court is duty bound to construe such statutes in such a way as to uphold their constitutionality. See *Herndon v. Lowry*, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066 (1937); *Mugler v. Kansas*, 123 U.S. 623 at 661, 8 S.Ct. 273, 31 L.Ed. 205 (1887); *U. S. v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1953); *U. S. v. National Dairy Products*, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); *State v. Shoppers World, Inc.*, 380 S.W.2d 107 (Tex.

1964); *McKinney v. Blankenship*, 154 Tex. 632, 282 S.W. 691, 697 (1955); 53 Tex.Jur.2d 225, Statutes, Section 158; Article 5429b–2, Section 3.01(1) (Code Construction Act).

■ The standard rule, which has become axiomatic, in considering allegations that a statute is void for vagueness and indefiniteness, is:

A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law.

See *Ex parte Chernoski*, 153 Tex.Cr.R. 52, 217 S.W.2d 673 at 674; *Connally v. General Construction Company*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1925); *Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1938). As the citations in *Ex parte Chernoski*, supra, indicate, this rule has also been adopted and applied by this Court. However, as noted in *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972), greater leeway is allowed when a court considers allegations of vagueness and indefiniteness in "regulatory statutes governing business activities." 405 U.S. at 162, 92 S.Ct. at 843. In that respect, the Court can consider both the face of the statute and the conduct to which it is applied. *See U. S. v. National Dairy Products*, supra. Furthermore, in the absence of special definitions, the language under attack can be "measured by common understanding and practices" or "construed in the sense generally understood." See *U. S. v. Petrillo*, 332 U.S. 1 at 8, 67 S.Ct. 1538 at 1542, 91 L.Ed. 1877 (1947); *Ex parte Chernoski*, supra, at 674; Article 5429b–2, Section 2.01, V.A.C.S.

■ Finally, it is noted that the introduction and application of a culpable mental state is a material consideration in determining whether a statute is vague and indefinite and subject to arbitrary and erratic enforcement. See *Screws v. U. S.*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *Boyce Motor Lines Inc. v. U. S.*, supra; *U. S. v. Harriss*, supra.

■ The statute as set forth above and as appellant was prosecuted under clearly requires that any "materially false or misleading statement" be made "intentionally, knowingly, recklessly, or with criminal negligence." These culpable mental states are defined in V.T.C.A., Penal Code, Section 6.02(a)–(d). A reading of these definitions clearly indicates that the required culpable mental state must attach to the proscribed act at the time the conduct is engaged in. The provisions of Section 32.42(b)(12)(B) clearly indicate that the culpable mental state must attach to the making of the "materially false or misleading statement" at the time of "the purchase or sale of property or service." This is a necessary implication of the phrase "in connection with." The State thus shoulders the burden of proving that (1) a person (2) intentionally, knowingly, recklessly, or with criminal negligence (3) made a materially false or misleading statement (4) at the time of the purchase or sale of the property or service. This interpretation of the statute eliminates appellant's concern that a businessman may make an honest representation at the time of the sale which subsequent business conditions renders objectively false at the time performance is required.

The phrase "materially false or misleading statement" is not vague or indefinite. Common understanding and usage makes clear that what is prohibited is false representation of material facts relevant to the purchase or sale of property or service. It cannot be contended that this statute does not "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *U. S. v. Harriss,* supra, 347 U.S. at 617, 74 S.Ct. at 812. Further, the statute is sufficient in describing the conduct which it declares to be criminal. In conclusion, V.T.C.A., Penal Code, Section 32.42(b)(12)(B) is constitutional under Article I, Sections 10 and 19 of the Texas Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. Appellant's first ground of error is overruled.

■ Appellant's second and third grounds of error in effect attack the information charging appellant with violation of the above-referenced Penal Code provisions as being fatally defective. There was no motion to quash. The information contained four counts, each alleging the same offense to have been committed by the appellant on different dates against different complainants. The first count, which is representative of all four counts, reads as follows:

. . . in the County of Harris and State of Texas, one ARN ELY aka: ARNOLD MOSS hereinafter referred to as the Defendant, heretofore on or about April 22, 1975, did then and there unlawfully while engaged in the business of providing an advance fee resume service and in the course of the operation thereof, intentionally, knowingly, recklessly and with criminal negligence, commit a deceptive business practice in that Defendant made statements to Keith W. Green in connection with the sale of a service, namely that Defendant would refund the service charge of Two Hundred Fifty Dollars after one year if Keith W. Green received less than three job offers within the year and if Keith W. Green contacted Defendant in writing once each month for twelve months from the date of the contract, and such statement was materially false and misleading in that Keith W. Green did not receive three or more job offers within the year and Keith W. Green did contact Defendant in writing once each month for twelve months from the date of the contract and Defendant has refused to return the Two Hundred Fifty Dollar service charge.

Appellant's ground of error two seems to be directed at the failure of the information to allege the culpable mental states in the disjunctive rather than the conjunctive. Such a contention is totally without merit. See *Hunter v. State,* 576 S.W.2d 395 (No. 59,124, Tex.Cr.App. delivered January 31, 1979). The instant indictment is sufficient to allege an offense and is not fundamentally defective. See *American Plant Food Corporation v. State,* Tex.Cr.App., 508

S.W.2d 598. Appellant's third ground of error objects to the failure to allege what acts appellant committed which constitute recklessness or criminal negligence. Appellant relies on Article 21.15, V.A.C.C.P. In light of the fact that the State also alleged intentionally and knowingly as culpable mental states in the information involved, the failure to comply with Article 21.15, V.A.C.C.P., does not render the information fundamentally defective. Further, the acts required to be alleged are in fact alleged. There is no error. Appellant's second and third grounds of error are overruled.

■ Appellant's fourth ground of error contends that the trial court erred in its charge to the jury because it changed and limited the issues presented in the information. Appellant points out that the trial court granted his specially requested charges, in part, relating to the giving of the law of the offense charged against the appellant, defining the four culpable mental states alleged, and instructing the jury on the burden of proof. The portion of the court's charge to the jury wherein the law of the offense charged is set out omits the two culpable mental states of recklessness and criminal negligence. However, in applying the law of the State to the facts of this cause the trial court correctly inserted the four culpable mental states as charged in the information and provided for under the statute. Appellant also contends under this single ground of error that reversible error was committed by the trial court's providing the culpable mental states disjunctively in the application of the law to the facts provision of the charge rather than conjunctively, as charged in the information. This dual allegation of error under one ground of error constitutes a multifarious ground of error and fails to preserve error under Article 40.09(9), V.A.C.C.P. However, we will address appellant's contentions.

■ With regard to the trial court's error in not including all four culpable mental states in setting forth the law of the offense the appellant was charged with, we must consider such error to be clearly harm-

less since it benefited the appellant. Furthermore, all four culpable mental states were included in that part of the court's charge that applied the law to the facts of the case and the culpable mental states were defined properly in the court's charge. Cf. *Skidmore v. State*, Tex.Cr.App., 530 S.W.2d 316.

■ As to appellant's second allegation concerning the alleged error of the court in submitting the culpable mental states in the disjunctive, in contrast to the conjunctive pleadings in the information, this does not constitute error. See *Moreno v. State*, Tex.Cr.App., 541 S.W.2d 170; *Booker v. State*, Tex.Cr.App., 523 S.W.2d 413; *Mott v. State*, Tex.Cr.App., 543 S.W.2d 623; *Cowan v. State*, Tex.Cr.App., 562 S.W.2d 236. Clearly, when considered as a whole this charge in no way harmed the appellant. See *Bailey v. State*, Tex.Cr.App., 532 S.W.2d 316. Finally, appellant's contentions are not properly before this Court for review since there is no statement of facts in the record before us. See *Creech v. State*, 170 Tex.Cr.R. 563, 342 S.W.2d 757; *Conwell v. State*, Tex.Cr.App., 258 S.W.2d 86; and *Moore v. State*, 146 Tex.Cr.R. 342, 175 S.W.2d 76. Appellant's fourth ground of error is overruled.

There being no reversible error, the judgment is affirmed.

Before the Court En Banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

■ On original submission we affirmed appellant's "four misdemeanor convictions for deceptive business practices." Leave to file appellant's motion for rehearing has been granted to make a determination whether four or one misdemeanor conviction resulted in this case.

The information in this case alleged, in four identified counts, the same deceptive business practice was committed by the appellant on four distinct days against four distinct victims. That portion of the court's charge which applied the law to the facts of the case reads:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, ARN ELY, on any one or more of the dates as alleged in the four counts of the information, in the County of Harris, and State of Texas, did then and there in the course of business intentionally or knowingly or recklessly or with criminal negligence, commit a Deceptive Business Practice by making a materially false or misleading statement in connection with the purchase or sale of property or service, you will find the defendant Guilty of the offense of Deceptive Business Practice and say so by your verdict. But if you do not so believe or if you have a reasonable doubt thereof on any one or more of the dates as alleged in the four counts of the information you will acquit the defendant and say by your verdict "Not Guilty".

The trial court provided the jury with a verdict form divided into four sections which would permit the jury to find the appellant guilty or not guilty of each count alleged in the information.

On original submission, the State, in the introduction of its brief, submitted that the judgment should be reformed to reflect a conviction for only one count. The authority they cited in support of their request, however, is inapposite, except insofar as it supports the power of this Court to reform judgments. *Antwine v. State*, Tex.Cr.App., 518 S.W.2d 830.

A careful reading of the trial court's charge to the jury in this case supports us in our conclusion that it only authorized the jury to find the appellant guilty of one deceptive business practice offense. The judgment of conviction is therefore reformed to reflect that the defendant is guilty of the offense of "a deceptive business practice as charged in the information, a misdemeanor, as found by the jury, and that he be punished, as found by the jury, by a fine of $2,000.00 and 180 days' confinement in jail."

Appellant's motion is granted in part and as reformed, the judgment is affirmed.