Alfred Torres **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–89–00411–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 10, 1990.

Alfred Hernandez, San Antonio, for appellant.

Fred G. Rodriguez, Gammon Guinn, Leticia Cortez, Barbara Hervey, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for criminal trespass of a habitation. The trial court found appellant guilty and assessed punishment at 150 days' imprisonment and a $100 fine, which was probated for one year.

In his sole point of error, appellant complains that Section 30.05 of the Texas Penal Code (the criminal trespass provision) is unconstitutional because the term "remain" is so vague as to render it insufficient to inform a person of its meaning. Section 30.05, the provision which appellant challenges, provides:

> (a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:
>
> (1) had notice that the entry was forbidden;

TEX.PENAL CODE ANN. § 30.05 (Vernon 1989). The information on which he was charged and convicted substantially tracked the statute:

> ... on or about the 20th day of MARCH A.D., 1988, ALFRED TORRES HERNANDEZ, hereinafter called defendant did then and there knowingly and intentionally enter and remain IN A HABITATION, without the effective consent of RACHEL LEAL, the owner, the said defendant having NOTICE THE ENTRY WAS FORBIDDEN;

Appellant asserts that failure of the Penal Code to define the term "remain" results in a vague statute which is open to subjective interpretation. Appellant did not file a motion to quash the information.

■ "In the face of appellant's challenge to the constitutionality of this statute, this statute is vested with a presumption of validity and this Court is duty bound to construe such statutes in such a way as to uphold their constitutionality." *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App. 1979) (citations omitted). The standard rule in considering allegations that a statute is void for vagueness and indefiniteness is:

> A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process law.

*Ely*, 582 S.W.2d at 419 (citations omitted).

When statutory words are not defined, the Code Construction Act prescribes that words and phrases under attack shall be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1989). They are given their plain meaning without regard to distinction between construction of penal laws and laws on other subjects, unless the act clearly shows that they were used in some other sense. *Daniels v. State*, 754 S.W.2d 214, 219 (Tex.Crim.App.1988); *Campos v. State*, 623 S.W.2d 657, 658 (Tex.Crim.App.1981).

■ In the instant case, the term "remain" can be construed according to its ordinary usage and is not so vague or indefinite as to prevent appellant from understanding the offense for which he is accused. Appellant argues that "remain" is ambiguous since it "can be anything from a microsecond to a year". Webster's Third New International Dictionary (Unabridged Ed. 1961) reveals that the root meaning of "remain" is "to stay", and makes no reference to a time requirement. Consequently, a stay of any length of time after entry would satisfy the "remain" requirement. Moreover, appellant has shown no harm caused by the wording of the statute. In construing the statute to uphold its constitutionality, we find that it is sufficient in describing the conduct which it declares to be criminal.

In argument to the trial court, the State correctly emphasized that "entry, in and of itself, is sufficient [to convict] under the law of trespass." In this case the State could present evidence of either or both "enter or remain," as provided by statute. Thus, even if "remain" were found to be

vague, which it is not, proof of "entry" would suffice. Point one is overruled.

The judgment is affirmed.

CHAPA, J., concurs in result without opinion.