COURT OF APPEALS















COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

THE STATE OF TEXAS,                                     )

                                                                              )              
No.  08-05-00002-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
210th District Court

ISRAEL CALVO,                                                 )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20040D04118)

                                                                              )

 

 

O
P I N I O N

 

The State of Texas appeals from an
order granting Appellee=s
motion to quash the indictment on the grounds that Section 21.15 of the Texas
Penal Code is unconstitutional.  In its
sole issue, the State contends the trial court erred in holding the statute at
issue is unconstitutionally overbroad and vague.  We find that we must reverse the trial court=s order and remand the cause to the
trial court.








Appellee, a
professional photographer, was charged by indictment with improper photography
or visual recording under Section 21.15 of the Texas Penal Code.  Facts in the record indicate that Appellee
took numerous photographs of his friend=s
seven-year-old daughter while she was asleep in her underwear.  The majority of the photographs of the child
were taken from an angle to show her clothed pubic and anal areas.  In a statement, Appellee admitted that he
lifted the child=s shirt
and posed the child while photographing her. 
Neither the child nor her parents consented to the taking of the
photographs.  Appellee went to Wal-Mart
to have the film developed, and Wal-Mart employees contacted the police because
they believed the photographs were inappropriate.  A subsequent search of Appellee=s house resulted in the discovery of
several photographs of cheerleaders, the majority of which showed the
cheerleader=s
underwear as they performed kicks and cheers.

Appellee filed a
motion to quash the indictment, arguing inter alia that Section 21.15 of
the Penal Code was unconstitutional because it violated the First Amendment,
was overbroad, and vague.  After a
hearing, the trial court granted the motion. 
The State now appeals.

Standard
of Review

The
constitutionality of a criminal statute is a question of law which we review de
novo.  Owens v. State, 19
S.W.3d 480, 483 (Tex.App.--Amarillo 2000, no pet.); State v. Salinas, 982 S.W.2d
9, 10-11 (Tex.App.--Houston [1st Dist.] 1997, pet. ref=d).  When reviewing the constitutionality of a
statute, we presume the statute is valid and the Legislature has not acted
unreasonably or arbitrarily in enacting the statute.  Rodriguez v. State, 93 S.W.3d 60, 69
(Tex.Crim.App. 2002); Ex parte Granviel, 561 S.W.2d 503, 511
(Tex.Crim.App. 1978).  The burden rests
on the party challenging the statute to establish its unconstitutionality.  Rodriguez, 93 S.W.3d at 69.  We are obliged to uphold the statute if we
can determine a reasonable construction which will render it
constitutional.  Ely v. State, 582
S.W.2d 416, 419 (Tex.Crim.App. [Panel Op.] 1979).

Section
21.15(b) of the Texas
Penal Code








Appellee was
charged with violating Section 21.15(b)(1) of the Penal Code, which provides
that:

A person commits an offense if the
person:

(1)        photographs or by videotape or other
electronic means visually records another:

 

(A)       without the other person=s consent; and

 

(B)       with intent to arouse or gratify the
sexual desire of any person . . . .

 

Tex.Pen.Code Ann.
' 21.15(b)(Vernon Supp. 2006).

 

At the hearing and
in his motion, Appellee challenged the validity of the statute on the basis
that on its face it is overly broad, vague, and violates the First Amendment.[1]

A statute is
impermissibly overbroad if, in addition to proscribing activities that may be
constitutionally prohibited, it sweeps within its coverage speech or conduct
protected by the First Amendment.  Bynum
v. State, 767 S.W.2d 769, 772 (Tex.Crim.App. 1989), quoting Clark v.
State, 665 S.W.2d 476, 482 (Tex.Crim.App. 1984); see also Village of
Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102
S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982); Broadrick v. Oklahoma, 413 U.S.
601, 615, 93 S.Ct. 2908, 2917-18, 37 L.Ed.2d 830 (1973).  Our first task is to determine whether the
statute reaches a substantial amount of constitutionally protected conduct.  Village
of Hoffman Estates, 455 U.S. at 494, 102
S.Ct. at 1191.  If it does not, the
overbreadth challenge must fail.  Id.








The First
Amendment prohibits laws that abridge freedom of speech.  U.S.
Const. amend. I.  Appellee asserts
that the taking of photographs, even those of a sexual nature, is afforded
First Amendment protection.  He also
argues that the statute has a substantial impact on free speech because there
is no careful delimitation of criminal conduct, but rather anyone who takes
photographs of non-consenting persons is at risk of being in violation of the
law.

However, in order
to commit the proscribed conduct, one must have the specific intent Ato arouse or gratify the sexual desire
of any person.@  Tex.Pen.Code
Ann. '
21.15(b)(1)(B).  A statute that prohibits
intentional conduct is rarely subject to a facial overbreadth challenge.   Sullivan v. State, 986 S.W.2d 708,
712 (Tex.App.--Dallas 1999, no pet.)(indecency with a child statute held not
constitutionally overbroad where no constitutionally protected conduct is
included).  Further, the statute requires
the lack of consent by the complainant.  See
Tex.Pen.Code Ann. ' 21.15(b)(1)(A).  Thus, by its language, the statute proscribes
only that conduct which is done with the requisite intent to arouse and gratify
the sexual desire of any person and without the complainant=s consent.  As the legislative history demonstrates, the
Legislature=s intent
in enacting Section 21.15 of the Penal Code was to create Aan offense prohibiting the covert photography
or visual recording of another for an improper sexual purpose.@ 
[Emphasis added].  See Acts
of 2001, 77th Leg., R.S., ch. 458, '
1, 2001 Tex.Gen.Laws 893.  See also House Comm. On Criminal Jurisprudence, Bill Analysis, Tex. H.B. 73, 77th Leg.,
R.S. (2001).  In 2003, the Legislature
amended the statute and clarified its intent to protect non-consenting
individuals from an offensive invasion of their privacy.  See Acts of 2003, 78th Leg., R.S., ch.
500, ' 1, 2003 Tex.Gen.Laws 1771; see also House Comm. On Criminal Jurisprudence, Bill
Analysis, Tex. H.B. 1060, 78th Leg., R .S. (2003).[2]








As we noted
before, we must uphold the challenged statute if a reasonable construction can
be ascertained which will render it constitutional and carry out the
legislative intent.  See Ely v. State,
582 S.W.2d 416, 419 (Tex.Crim.App. 1979); see also Ex parte Granviel,
561 S.W.2d at 511 (A>before a legislative act will be set
aside, it must clearly appear that its validity cannot be supported by any
reasonable intendment or allowable presumption.=@). 
The most reasonable interpretation of the statute and its legislative
intent is that the proscribed conduct when committed with the requisite intent
and without consent, constitutes an offensive invasion of the privacy rights of
a non-consenting party being recorded. 
Under such restrictions, the statute cannot be said to criminalize a
substantial amount of protected expressive activity.  Rather, it proscribes only conduct that
constitutes an invasive act, which has also been committed with the intent to
arouse or gratify someone=s
sexual desires.  Despite Appellee=s assertions, the statute does not
criminalize innocent picture-taking which may unexpectedly invoke sexual desire
in others in spite of the actor=s
intentions.  Appellee=s facial overbreadth challenge must
fail because he fails to show how the statute substantially reaches
constitutionally protected activity.








We next turn to
Appellee=s
challenge to the validity of the statute based on vagueness.  A statute is void for vagueness when it fails
to give a person of ordinary intelligence fair notice of the conduct prohibited
and is so indefinite that it encourages arbitrary and discriminatory
enforcement.  See Grayned v. City of Rockford, 408 U.S.
104, 108, 92 S.Ct. 2294, 2298‑99, 33 L.Ed.2d 222 (1972); Kolender,
461 U.S.
at 357, 103 S.Ct. at 1858; Clark, 665 S.W.2d at 482.  A defendant who engages in some conduct that
is clearly proscribed by the statute cannot complain of its vagueness as
applied to the conduct of others.  Village of Hoffman
 Estates, 455 U.S. at 495, 102 S.Ct. at
1191.  Therefore, when asserting a facial
vagueness challenge to a statute which implicates no constitutionally protected
conduct, the individual asserting a facial vagueness challenge must establish
that the statute is vague as applied to his conduct as well as demonstrate that
the enactment is impermissibly vague in all of its applications.  Id.;
see also Bynum, 767 S.W.2d at 773-74. 
Thus, where no First Amendment rights are involved, as in this case, the
reviewing court need only scrutinize the statute to determine whether it is
impermissibly vague as applied to the challenging party=s
specific conduct.  Bynum, 767
S.W.2d at 774.

In examining a criminal
statute for vagueness, we employ a two-pronged inquiry:  (1) whether the statutes gives a person of
ordinary intelligence a reasonable opportunity to know what is prohibited; and
(2) whether the statute provides sufficient notice to law enforcement to
prevent arbitrary or discriminatory enforcement.  See Grayned, 408 U.S. at 108-09, 92 S.Ct. at 2298-99; State v.
Edmond, 933
S.W.2d 120, 125 (Tex.Crim.App. 1996); Long v. State, 931 S.W.2d 285, 287
(Tex.Crim.App. 1996).








We now consider whether
the statute is impermissibly vague as applied to Appellee=s conduct in this case.  First, we note that in Appellee=s motion and at the hearing, Appellee
raised no argument that the statute was unconstitutionally vague as applied to
him.  In his appellate brief, Appellee
now argues that A[d]ue to
the emunerated statute=s
defects, Appellee could not have been aware of any prospective infringement of
[the statute].@  Appellee also argues that under the statute,
he could be considered committing a crime by taking photographs of either the
sleeping child in her underwear or the photographs of the cheerleaders that
appear in the record.  However, Appellee=s argument belies the few facts
introduced at the motion hearing. 
Appellee was charged with improper photography under Section 21.15, by
indictment which alleged that:

[O]n or about the 9th day of March,
2004 . . . ISRAEL CALVO, hereinafter referred to as Defendant,

 

did then and there with the intent to
arouse and gratify the sexual desire of said defendant intentionally and knowingly,
visually record [B.R.] by photograph without the consent of [B.R.] . . . .

 

Facts at the hearing indicated that
Appellee took numerous photographs of the sleeping child, B.R., admitted in his
statement that he lifted up the child=s
shirt and re-positioned the child in order to photograph her anal and vaginal
areas.  Indeed, Appellee took several of
the photographs in such close proximity to the child=s
buttocks and vagina that only these areas of her body are visible.  The specific intent to gratify the sexual
desire of any person may be inferred from a person=s
conduct, a person=s
remarks, and all surrounding circumstances. 
Santos v. State, 961 S.W.2d 304, 308 (Tex.App.--Houston [1st
Dist.] 1997, pet. ref=d).

It appears that
the statute clearly proscribes Appellee=s
conduct and adequately details the prohibited conduct to a degree that law
enforcement authorities will not resort to arbitrary or discriminatory
enforcement of the statute.  We conclude
that Appellee had sufficient notice that his conduct was prohibited by the
statute and was not arbitrarily arrested and thus, his argument that the
statute is unconstitutionally vague as applied to him must fail.  Because the statute is not unconstitutional
as applied to Appellee, he cannot establish that the statute operates
unconstitutionally in all its applications. 
Appellee failed to met his burden to establish that Section 21.15 is
unconstitutional, therefore the trial court erred in granting his motion to
quash the indictment on that ground.  The
State=s sole
issue for review is sustained.








Accordingly, we
reverse the trial court=s
order and remand the cause to the trial court for further proceedings.

 

 

 

September
14, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

Barajas, C.J., Not Participating

 

(Do Not Publish)











[1]
Appellee did not challenge the portion of Section 21.15 which makes it an
offense to Apromote@ improper photographs or visual
recordings.  See Tex.Pen.Code Ann. ' 21.15(b)(2).





[2] We note that in its bill
analysis, the Legislature reasoned that it was necessary to expand the
offensive conduct to include promotion of such photography or visual recording
under Section 21.15 because of Athe
recent epidemic of video recordings being produced via hidden broadcast cameras
in locker rooms, bathrooms and other various places, that are then being
promoted on the web and other places, without the consent of the person
recorded . . .,@ thereby
prohibiting the promotion of electronic recordings Ain
regards to the rights of those persons recorded.@  House
Comm. On Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1060, 78th
Leg., R .S. (2003).