**Opinion issued February 11, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00088-CR

———————————

**JOSIAH BLAKE TEINERT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 221st District Court
Montgomery County, Texas[1]
Trial Court Case No. 12-04-03539-CR

## MEMORANDUM OPINION

Appellant, Josiah Blake Teinert, with an agreed punishment recommendation from the State, pleaded guilty to the offense of continuous sexual

---

[1] The Supreme Court of Texas, pursuant to its docket equalization authority, transferred the appeal to this court. *See* Misc. Docket No. 13–9008 (Tex. Jan. 17, 2013); TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer).

abuse of a child.[2]  In accordance with the plea agreement, the trial court assessed his punishment at confinement for twenty-five years.  In his sole issue, appellant contends that the trial court erred in denying his motion to declare the statute under which he was convicted unconstitutional as applied to him.

We affirm.

## Background

A Montgomery County grand jury returned a true bill of indictment, accusing appellant of committing the offense of continuous sexual abuse of a child from August 1, 2011 to February 29, 2012.  Specifically, appellant pleaded guilty to committing two or more acts of aggravated sexual assault against the complainant "by having the child's anus to contact or be penetrated by [appellant's] sexual organ."  Appellant turned eighteen years of age in December 2011.

Prior to entering his plea, appellant filed a motion "contesting the constitutionality," as applied to him, of the statute under which he was convicted. He argued that because he was under the age of eighteen at the time he committed some of the predicate acts, the punishment range applicable to the offense "constitutes cruel and unusual punishment . . . , contrary to the United States and Texas constitutions."  He further asserted that he was "denied his right to have a

---

[2]      *See* TEX. PENAL CODE ANN. § 21.02(b) (Vernon Supp. 2013).

jury assess [community supervision] or some appropriate number of years less than 25."

At the plea hearing, the trial court considered appellant's motion. Appellant testified that he began sexually assaulting the complainant when he was fifteen years old and she was four, he continued to assault her every two to three weeks for three years, and he committed each of the assaults before he turned eighteen, except for one. At the conclusion of the hearing, the trial court denied appellant's motion.

## Standard of Review

We review the constitutionality of a criminal statute de novo as a question of law. *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). When presented with a challenge to the constitutionality of a statute, we presume that the statute is valid and the legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The party challenging the statute has the burden to establish its unconstitutionality. *Id*. We must uphold the statute if we can apply a reasonable construction that will render it constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); *see also Maloney*, 294 S.W.3d at 626 (stating that if statute can be interpreted in two different ways, one of which sustains its validity, we apply interpretation that sustains its validity).

3

## Constitutionality

In his sole issue, appellant argues that the trial court erred in denying his motion to declare Texas Penal Code section 21.02(b) unconstitutional as applied to him because he was under the age of eighteen at the time he committed most of the predicate acts against the complainant; the statute fails to distinguish between seventeen- and eighteen-year-olds, which are treated differently under the law; and subjecting him to confinement for a mandatory minimum of twenty-five years, without the possibility of parole and without considering the "mitigating factors of youth," violates the Eighth Amendment. *See Miller v. Alabama*, —U.S.—, 132 S. Ct. 2455, 2467–68 (2012); *Graham v. Florida*, 560 U.S. 48, 69–79, 130 S. Ct. 2011, 2027–33 (2010),

"A litigant raising only an 'as applied' challenge concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). Because a statute may be valid as applied to one set of facts and invalid as applied to another, a defendant must show that the challenged statute was unconstitutionally applied to him. *Id.* It is not sufficient to show that a statute "may" operate unconstitutionally against the challenger or someone in a similar position in another case. *Id.* at 912. Courts

must evaluate the statute as it has been applied in practice against the particular challenger. *Id.*

> A person commits the offense of continuous sexual abuse of a child if,
>
> (1)    during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, . . . ; and
>
> (2)    at the time of the commission of each of the acts of sexual abuse, *the actor is 17 years of age or older* and the victim is a child younger than 14 years of age.

TEX. PENAL CODE ANN. § 21.02(b) (Vernon Supp. 2013) (Emphasis added).  An offense under section 21.02(b) is a first-degree felony, punishable by confinement for life, or for a term of twenty-five to ninety-nine years.  *See id.* § 21.02(h).  And a person serving a sentence under section 21.02 is not eligible for parole.  TEX. GOV'T CODE ANN. § 508.145(a) (Vernon Supp. 2013).

Appellant notes that section 21.02(b), as highlighted, does not distinguish between an actor who is seventeen years of age and one who is eighteen.  He asserts that although "Texas law treats 17 year olds as adults," one is not an adult until the age of eighteen for purposes of the Eighth Amendment.  *See* TEX. FAM. CODE ANN. § 51.02(2)(A) (Vernon Supp. 2013) (defining "child" under Juvenile Justice Code as one who is "ten years of age or older and under 17 years of age."); *Miller*, 132 S. Ct. at 2460 (considering "juvenile" offenders to be those under age eighteen).  Under section 21.02(b), regardless of whether appellant was seventeen or eighteen at the time that he committed the acts against the complainant, he is

5

subject to confinement for a minimum of twenty-five years, without the possibility of parole. *See* TEX. PENAL CODE ANN. § 21.02(h); TEX. GOV'T CODE ANN. § 508.145(a).

Appellant argues, without citation to authority, that because he committed most of the predicate acts before he reached the age of eighteen,[3] he is a juvenile for Eighth Amendment purposes. The State asserts that the offense of continuous sexual abuse of a child is "'complete' only once the abuse stops, not after any individual predicate act," and it is undisputed that appellant did not stop his acts until after he reached the age of eighteen.

The Eighth Amendment's prohibition of cruel and unusual punishment "guarantees individuals the right not to be subjected to excessive sanctions." *Miller*, 132 S. Ct. at 2463. In *Miller*, the Supreme Court, after discussing at length the ways in which "children are constitutionally different from adults for purposes of sentencing," held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Id.* at 2464–66, 2469. The Court explained that the mandatory nature of the penalty

---

[3] Appellant also asserts that "[s]ome of the offenses occurred while [he] was 15 years old . . . ." However, the indictment charges appellant with having committed the offense during the period from August 2011 to February 2012. And appellant testified that he turned eighteen in December 2011. Thus, he was not accused of having committed any of the predicate acts prior to the age of seventeen.

schemes before it "prevent[ed] [a] sentencer from taking into account" the "mitigating qualities of youth" and "posed too great a risk of disproportionate punishment." *Id.* at 2466–69. The Court did not "foreclose a sentencer's ability" to impose on a juvenile offender the punishment of life in prison without the possibility of parole; however, it held that sentencers must "take into account how children are different, and how those differences counsel against irrevocably sentencing [the juvenile offender] to a lifetime in prison." *Id.* at 2469.

In *Graham*, the Court, after noting the characteristics of youth and how they weaken the rationales for punishment, held that the Eighth Amendment prohibits a life sentence without the possibility of parole for an offender who is under the age of eighteen when he commits a non-homicide offense. 560 U.S. at 68–79, 130 S. Ct. at 2026–32 (noting that "[l]ife-without-parole terms share some characteristics with death sentences that are shared by no other sentences").

The Court's holdings in *Miller* and *Graham* were narrowly tailored to address mandatory sentences of life imprisonment without the possibility of parole for juveniles. *See Miller*, 132 S. Ct. at 2464–66, 2469; *Graham*, 560 U.S. at 68–79, 130 S. Ct. at 2026–32. Here, appellant was not assessed the punishment of confinement for life, and *Miller* and *Graham* do not apply. Regardless, appellant asserts that although he was not assessed "a mandatory life sentence without parole," he did face "a mandatory minimum of 25 years without parole."

7

However, he has not cited any authority, nor have we found any, extending the holdings in *Miller* or *Graham* to a sentence less severe than life.

Appellant further asserts that had he not chosen to plead guilty, he might possibly have received a life sentence without parole. However, we must evaluate the statute as it was applied to appellant. *See Fine*, 330 S.W.3d at 912.

We conclude that appellant has not demonstrated that section 21.02(b) is unconstitutional as applied to him in this case. *See Rodriguez*, 93 S.W.3d at 69. Accordingly, we overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

8