**The STATE of Texas, Appellant,**

v.

**Dusty Hugh BOYD and Javier Chapa, Appellees.**

Nos. 14–98–00402–CR, 14–98–00403–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 30, 1999.

James M. Kuboviak, William D. Ballard, Jr., Bryan, for appellants.

Jim W. James, Bryan, Jose Chapa, McAllen, for appellees.

Panel consists of Chief Justice MURPHY and Justices ANDERSON and HUDSON.

## OPINION

HUDSON, Justice.

Dusty Hugh Boyd and Javier Chapa (Appellees) were charged with committing the Class B misdemeanor offense of failure to report a specific incident of hazing which occurred on the campus of Texas A & M University. *See* TEX. EDUC.CODE ANN. § 37.152(a)(4) (Vernon 1996). Prior to trial, Appellees filed respective motions to dismiss, alleging that section 37.152(a)(4) of the Texas Education Code is unconstitutional as applied to them because it compelled self-incrimination. Following a hearing on Appellees' motions, the trial court entered separate orders finding that section 37.152(a)(4), as applied to Appellees, "is unconstitutional and therefore orders the prosecutions be dismissed." On appeal to this Court, the State presents a single issue, contending that section 37.152(a)(4) is constitutional as applied to Appellees because it (1) does not compel self-incrimination, and (2) is not unconstitutionally vague nor overbroad. We affirm.

In determining the constitutionality of a statute, we commence with the presumption that such statute is valid and that the legislature has not acted unrea-

sonably or arbitrarily in enacting the statute. *See Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978); *Ex parte Smith,* 441 S.W.2d 544 (Tex.Crim.App. 1969). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *See Ex parte Granviel,* 561 S.W.2d at 511. It is the duty of this Court to uphold the statute if it can be reasonably construed in a manner that is consistent with the legislative intent and not repugnant to the constitution. *See Ely v. State,* 582 S.W.2d 416, 419 (Tex. Crim.App.1979); *DeWillis v. State,* 951 S.W.2d 212, 214 (Tex.App.-Houston [14 Dist.] 1997, no pet.).

Here, the statute at issue is section 37.152 of the Texas Education Code. It provides, in pertinent part:

> (a) A person commits an offense if the person:

> (4) has firsthand knowledge of the planning of a specific hazing[1] incident involving a student in an educational institution, or has firsthand knowledge that a specific hazing incident has occurred, and knowingly fails to report that knowledge in writing to the dean of students or other appropriate official of the institution.

TEX. EDUC.CODE ANN. § 37.152(a)(4) (Vernon 1996).

■ At the pre-trial hearing on Appellees' motions, they argued section 37.152(a)(4) is unconstitutional as applied to them because it subjects them to self-incrimination, in violation of the Fifth Amendment of the United States Constitu-

tion. *See* U.S. CONST. amend. V. The gist of Appellees' argument is that if they had complied with the statute and reported the specific incident of hazing that allegedly occurred here, they might have subjected themselves to criminal penalties for their own involvement in the incident; therefore, a prosecution under section 37.152(a)(4) for failure to report such criminal conduct, i.e., hazing, violates their constitutional rights against self-incrimination.[2]

In addition to being charged with failure to report a specific incident of hazing, Appellees were also indicted by a Brazos County Grand Jury with multiple counts of hazing and assault. *See* TEX. EDUC.CODE ANN. 37.152 (Vernon 1996); TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon 1994). All of the charges against Appellees stemmed from a single incident which occurred on the campus of Texas A & M University. Prior to trial, the State announced its election to proceed to trial against Appellees on only one count each of failure to report hazing. However, the State's attorney expressly commented to the trial judge that there was sufficient evidence to support the counts enumerated in the indictments and that the State might ultimately proceed to trial on those counts pending further investigation.

■ The constitution provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself...." U.S. CONST. amend. V; *Rogers v. United States,* 340 U.S. 367, 370–71, 71 S.Ct. 438, 440, 95 L.Ed. 344 (1951); *see*

---

1. The Texas Legislature defines "hazing" as follows:

 "Hazing" means any intentional, knowing, or reckless act, occurring on or off campus of an educational institution, by one person alone or acting with others, directed against a student, that endangers the mental or physical health or safety of a student for the purpose of pledging, being initiated into, affiliating with, holding office in, or maintaining membership in an organization.

 TEX EDUC.CODE ANN. § 37.151(6) (Vernon 1996).

2. A hazing offense that does not cause serious bodily injury to another is a Class B misdemeanor; a hazing offense that causes serious bodily injury to another is a Class A misdemeanor. TEX. EDUC.CODE ANN. § 37.152(c), (d) (Vernon 1996). Punishment for a Class B misdemeanor may include a $2,000 fine and up to 180 days' confinement in jail; punishment for a Class A misdemeanor may include a $4,000 fine and up to one year confinement in jail. *See* TEX. PENAL CODE ANN. §§ 12.21.–22 (Vernon 1994).

*also* Tex. Const. art. I, § 10 (amended 1918). The test for determining if a compelled disclosure dishonors this constitutional protection is whether such disclosure creates in the individual a "real and appreciable," and not merely an "imaginary and unsubstantial," hazard of self-incrimination. *See Marchetti v. United States,* 390 U.S. 39, 45, 48, 53, 88 S.Ct. 697, 702, 705, 19 L.Ed.2d 889 (1968); *Rogers,* 340 U.S. at 372–73, 71 S.Ct. at 442 (the privilege against self-incrimination presupposes a real danger of legal detriment arising from a disclosure).

Here, Appellees were confronted by section 37.152(a)(4) of the Texas Education Code, which required them, on pain of criminal prosecution, to report information about activity which they could reasonably believe would be available to prosecuting authorities, and which would surely provide a significant link in a chain of evidence tending to establish their own guilt, if any, in the criminal offenses of hazing and assault. *See Marchetti,* 390 U.S. at 48, 88 S.Ct. at 703. Accordingly, the compelled disclosure of such information by Appellees creates a "real and appreciable" risk of self-incrimination.

 This Court is unable to reasonably construe section 37.152(a)(4) in a manner that is not repugnant to the constitutional protections regarding self-incrimination. *See Ely,* 582 S.W.2d at 419. Thus, we hold section 37.152(a)(4), as applied to Appellees in this case, is unconstitutional.[3] Further, the trial court did not err in dismissing the State's "failure to report hazing" charges against Appellees.

The State's first issue is overruled. Because our holding is dispositive of all issues, we need not address the State's remaining sub-issues, and the judgment of the trial court is affirmed.

---

3. We note that section 37.155 of the Texas Education Code relates to immunity from prosecution to persons who report a specific hazing incident and who testify for the prosecution of a hazing offense. *See* Tex. Educ.Code Ann. § 37.155 (Vernon 1996). However, it appears that section 37.155 vests considerable discretion in the trial court to determine whether immunity will be granted. *See id.* Thus, notwithstanding section 37.155, in a case such as the one at bar, the "real and appreciable" risk of self-incrimination remains. *See Marchetti,* 390 U.S. at 48, 88 S.Ct. at 702.