**The STATE of Texas, Appellant,**

v.

**Dusty Hugh BOYD & Javier Chapa, Appellees.**

**Nos. 2043–99 and 2044–99.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 7, 2001.

Jose E. Chapa, Jr., McAllen, for Appellant.

William D. Ballard, Jr., Assist. CA, Bryan, Matthew Paul, Austin, for the State.

## OPINION

HERVEY, J.,[1] delivered the unanimous opinion of the Court.

The appellees were charged with committing the Class B misdemeanor offense of failure to report a specific hazing incident and for hazing and assault. All of the offenses stemmed from a single incident which occurred on the campus of Texas A & M University. The trial court granted appellees' motions to dismiss the prosecution for failing to report a hazing incident based upon its determination that Texas Education Code Annotated, Section 37.152(a)(4) (Vernon 1996) (the hazing statute) is unconstitutional as applied to appellees.

The Houston [14th District] Court of Appeals affirmed the trial court's dismissal of the prosecution, holding that "Appellees were confronted by section 37.152(a)(4) of the Texas Education Code, which required them, on pain of criminal prosecution, to report information about activity which they could reasonably believe would be available to prosecuting authorities, and which would surely provide a significant link in a chain of evidence tending to establish their own guilt, if any, in the criminal offenses of hazing and assault. *See Marchetti v. U.S.*, 390 U.S. 39, 48, 88 S.Ct. 697, 703, 19 L.Ed.2d 889, 898 (1968). Accordingly, the compelled disclosure of such information by Appellees creates a real and appreciable risk of self-incrimination." *State v. Boyd*, 2 S.W.3d 752, 755 (Tex. App.—Houston [14th Dist.] 1999).

■ We granted the State's petition for discretionary review to determine if Tex. Educ.Code Ann. Section 37.152(a)(4) (Vernon 1996), relating to the failure to report a specific hazing incident, is unconstitutional as applied, for violating the Fifth Amendment privilege against self-incrimination.

The Court of Appeals, citing *Marchetti*, held that "the test for determining if a compelled disclosure dishonors this constitutional protection is whether such disclosure creates in the individual a 'real and appreciable' and not merely an 'imaginary and unsubstantial' hazard of self-incrimination." *Boyd* at 755. Applying the test in *Marchetti*, the Court of Appeals correctly determined that Section 37.152(a)(4), standing alone, violates the Fifth Amendment's constitutional protection against compelled self-incrimination. However, the Court of Appeals failed to analyze sufficiently the immunity provision to the hazing statute contained in Tex. Educ. Code Ann. Section 37.155 (Vernon 1996).

Section 37.155 provides:

> In the prosecution of an offense under this subchapter, the court may grant immunity from prosecution for the offense to each person who is subpoenaed to testify for the prosecution and who does testify for the prosecution. Any person reporting a specific hazing incident involving a student in an educational institution to the dean of students or other appropriate official of the institution is immune from civil or criminal liability that might otherwise be incurred or imposed as a result of the report. Immunity extends to participation in any judicial proceeding resulting from the report. A person reporting in bad faith or with malice is not protected by this section.

Section 37.155 presents two possibilities for immunity. First, where an individual is subpoenaed to testify for the prosecution and does so testify, the trial court in its discretion may grant immunity. The second part of Section 37.155, which is applicable here, provides to any person who reports a specific hazing incident, immunity from civil or criminal liability "that might otherwise be incurred or imposed as a result of the report." Thus, appellees

---

1. Presiding Judge McCormick drafted this opinion before his retirement and Judge Hervey adopted it with minor changes.

would have been entitled to both use and derivative use immunity from civil and criminal liability as a result of reporting a specific hazing incident, and the Court of Appeals' concern regarding the trial court's discretion to grant immunity pursuant to part one of Section 37.155 was unwarranted.

In *Kastigar v. United States,* the Supreme Court decided that use and derivative use immunity is coextensive with the scope of the Fifth Amendment privilege against compelled self-incrimination and therefore sufficient to compel testimony over this claim of privilege. *See Kastigar v. United States,* 406 U.S. 441, 442–44, 453, 92 S.Ct. 1653, 1655–56, 1661, 32 L.Ed.2d 212, 215–16, 222 (1972). Section 37.155's grant of "immunity from civil or criminal liability that might otherwise be incurred or imposed as a result of the report" at the very least grants use and derivative use immunity, and is coextensive with the scope of the Fifth Amendment privilege. Therefore the immunity grant in Section 37.155 is sufficient to remove any real or appreciable hazard of self incrimination and to compel reporting over a claim of privilege.

Accordingly we find that Tex. Educ. Code Ann. Section 37.155 (Vernon 1996) removes any real risk of self-incrimination to the appellees for complying with Tex. Educ.Code Ann. Section 37.152(a)(4) (Vernon 1996). We reverse the judgments of the Court of Appeals and remand these causes to the trial court so that the appellees may answer the charges against them.