

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00189-CR

———————————————

Ex parte Austin Michaelis

---

On Appeal from County Criminal Court No. 4
Denton County, Texas
Trial Court No. CR-2021-00513-D-WHC

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

At issue in this appeal is the constitutionality of Section 550.025 of the Texas Transportation Code, which requires a driver involved in an accident resulting in damage to highway-adjacent property to "take reasonable steps" to locate and notify the property's owner. Tex. Transp. Code Ann. § 550.025(a). Failure to do so is a misdemeanor offense. *Id.* § 550.025(b).

Appellant Austin Michaelis is accused of violating Section 550.025 after striking a highway guardrail while driving drunk. While awaiting trial, he challenged Section 550.025's constitutionality through an application for pretrial habeas corpus relief. The trial court denied the requested relief, and because Michaelis has failed to show that the statute is facially unconstitutional and because it is inappropriate to consider an as-applied challenge in this context, we affirm the trial court's order.

## Background

According to Michaelis's application for habeas relief, he was discovered unconscious behind the wheel of his damaged pickup truck two miles from a damaged guardrail. He was later charged with driving while intoxicated and with failing to comply with Section 550.025 by taking reasonable steps to notify the damaged guardrail's owner. Tex. Penal Code Ann. § 49.04; Tex. Transp. Code Ann. § 550.025(a).

Michaelis applied for pretrial habeas corpus relief, challenging the facial and as-applied constitutionality of Section 550.025 as violating the Fifth Amendment's

guarantee against self-incrimination. U.S. Const. amend V. After a hearing, the trial court denied the requested relief. This appeal followed.

## Discussion

Michaelis presents three issues for our review. The first presents his facial constitutional challenge to Section 550.025, and his second and third address his as-applied challenge. We overrule his first issue because Section 550.025 does not compel self-incrimination in all possible applications and therefore is not facially unconstitutional. We also overrule his second and third issues because this case does not present the rare situation in which pretrial habeas relief is appropriate for an as-applied constitutional challenge.

### I.  Michaelis's Facial Constitutional Challenge

To successfully challenge the constitutionality of Section 550.025 on its face, Michaelis as the challenger had to establish that no set of circumstances exists under which that statute would be valid. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). This is because a facial challenge is an attack on the statute itself as opposed to a particular application. *Id.* Michaelis did not meet his burden.

Michaelis's argument is that damaging property is always criminal, whether it happens intentionally, knowingly, or recklessly; thus, he argues, the requirement to report the damage requires the driver to confess to a crime.[1] He asserts that it requires

---

[1] In his brief to this court, Michaelis also presents for the first time a void-for-vagueness attack on Section 550.025. He has waived any such argument by failing to

3

an individual to "provide a significant link in a chain of evidence tending to establish [his] own guilt in all potential applications." He is wrong.

We review the constitutionality of a statute with a presumption that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting the statute. *Id.* Section 550.025 states:

(a) The operator of a vehicle involved in an accident resulting only in damage to a structure adjacent to a highway or a fixture or landscaping legally on or adjacent to a highway shall:

(1) take reasonable steps to locate and notify the owner or person in charge of the property of the accident and of the operator's name and address and the registration number of the vehicle the operator was driving; and

(2) if requested and available, show the operator's driver's license to the owner or person in charge of the property.

Tex. Transp. Code Ann. § 550.025(a).

Michaelis's arguments have been rejected in the context of hit-and-run statutes, and the same reasoning applies to reject his arguments here. Considering a hit-and-run statute worded similarly to Section 550.025(a), a plurality of the United States Supreme Court held that no conflict existed between California's hit-and-run statute and the right against self-incrimination. *California v. Byers*, 402 U.S. 424, 427, 91 S. Ct. 1535, 1537 (1971). That statute required "[t]he driver of any vehicle involved in an accident resulting in damage to any property" to stop and "locate and notify the

---

present it to the trial court, so we will not address it. *See* Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016).

4

owner or person in charge of such property of the name and address of the driver and owner of the vehicle involved." *Id.* at 426, 91 S. Ct. at 1537.

The Supreme Court explained that there was no conflict between California's hit-and-run statute and the privilege against self-incrimination because: (1) the statute was regulatory, not criminal, and (2) the required disclosure was nontestimonial.

Hit-and-run statutes such as that considered in *Byers* are considered regulatory, not criminal, because they are directed at the public at large and are "not intended to facilitate criminal convictions but to promote the satisfaction of civil liabilities arising from automobile accidents." *See id.* at 430–31, 91 S. Ct. at 1539. In comparison, other disclosure-requiring statutes have been held to be criminal in nature because they were "directed at a highly selective group inherently suspect of criminal activities" and "almost everything connected with [the regulated activities was] illegal under 'comprehensive' state and federal statutory schemes." *Id.* at 429–30, 91 S. Ct. at 1538–39 (discussing the Court's prior decisions in *Albertson v. SACB*, 382 U.S. 70, 79, 86 S. Ct. 194, 199 (1965), which examined an order requiring registration by individual members of a communist organization, and *Marchetti v. United States*, 390 U.S. 39, 47, 88 S. Ct. 697, 702 (1968), which addressed certain gambling-related disclosures).

Section 550.025 is regulatory for the same reasons as hit-and-run statutes such as the one discussed in *Byers.* It is directed to the public at large—the millions of drivers in the State of Texas—and is not intended to facilitate criminal convictions. Michaelis is wrong in his colorful accusations that every possible application of

5

Section 550.025 involves a confession to criminal liability. As the Supreme Court explained in *Byers*,

> Driving an automobile . . . is a lawful activity. Moreover, it is not a criminal offense under California law to be a driver involved in an accident. An accident may be the fault of others; it may occur without any driver having been at fault. No empirical data are suggested in support of the conclusion that there is a relevant correlation between being a driver and criminal prosecution of drivers. So far as any available information instructs us, most accidents occur without creating criminal liability even if one or both of the drivers are guilty of negligence as a matter of tort law.

*Id.* at 431, 91 S. Ct. at 1539; *see also State v. Boyd*, 38 S.W.3d 155, 156–57 (Tex. Crim. App. 2001) (explaining that, without immunity clause, statute requiring report of hazing incidents would violate Fifth Amendment). We are likewise unconvinced that Section 550.025's purpose is anything beyond the satisfaction of civil liabilities for damaging another person's or entity's property, and we hold that it is a regulatory statute.

Second, the Fifth Amendment applies to testimonial disclosures, and Section 550.025's required disclosures of the driver's name, address, and vehicle-registration number are nontestimonial in nature. Tex. Transp. Code Ann. § 550.025(a)(1); *Williams v. State*, 116 S.W.3d 788, 791 (Tex. Crim. App. 2003) ("[T]he Fifth Amendment does not apply to every sort of incriminating evidence—only to testimonial communications that are incriminating."). The required disclosures are neutral and "merely provide[] the State and private parties with the driver's identity for, among other valid state needs, the study of causes of vehicle accidents and related

6

purposes, always subject to the driver's right to assert a Fifth Amendment privilege concerning specific inquiries." *Byers*, 402 U.S. at 433, 91 S. Ct. at 1540. As the Supreme Court elaborated, "A name, linked with a motor vehicle, is no more incriminating than a tax return, linked with the disclosure of income . . . . It identifies but does not by itself implicate anyone in criminal conduct." *Id.* at 433–34, 91 S. Ct. at 1540–41; *see also State v. Cruz*, 461 S.W.3d 531, 539 (Tex. Crim. App. 2015) ("[Q]uestioning that seeks to elicit biographical data does not become interrogation simply because the identifying information may later aid law enforcement in conducting a criminal investigation.").

We therefore hold that Section 550.025 does not on its face violate the Fifth Amendment right against self-incrimination, and we overrule Michaelis's first issue.

## II. Michaelis's As-Applied Constitutional Challenge

Pretrial habeas, including its interlocutory appeal, is an extraordinary remedy reserved "for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016) (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)). That remedy has not been widely extended to pretrial as-applied constitutional challenges to statutes; rather, the Court of Criminal Appeals has extended pretrial habeas relief to as-applied challenges only in very limited circumstances, such as cases involving double-jeopardy and separation-of-powers concerns in which the rights themselves include the right to avoid trial. *Id.*

at 895–99. This is because an as-applied challenge concedes the general constitutionality of the statute but asserts that the statute is unconstitutional as to the defendant's particular facts and circumstances—facts and circumstances that must be developed through the trial of the cause. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011).

Michaelis's case does not fall into the limited category of cases in which pretrial review of an as-applied constitutional challenge is appropriate. Unlike the separation-of-powers concerns in *Perry*, the right against self-incrimination does not include the right to avoid trial by litigating an issue before trial. *See* 483 S.W.3d at 899. *Compare id.* n.80 (collecting cases involving rights that do not include right to avoid trial), *with id.* n.81 (collecting cases involving rights to avoid trial).

The state of the record before us further demonstrates that this case is not appropriate for pretrial relief. No facts have been developed. The complaint filed against Michaelis accuses him of having driven a vehicle involved in an accident resulting in damage to a guardrail and wooden posts and intentionally and knowingly failing to take reasonable steps to notify the property owner of his name, address, or vehicle-registration number. The DWI charge is not part of the record. The record therefore does not provide enough factual or circumstantial information for us to resolve Michaelis's as-applied constitutional challenge; it does no more than present a hypothetical claim, which would result in an impermissible advisory ruling. *Lykos*, 330 S.W.3d at 912 ("Nor is it sufficient to show that a statute *may* operate

unconstitutionally against the challenger . . . . Courts must evaluate the statute as it has been applied in practice against the particular challenger.").

Michaelis's as-applied constitutional challenge to Section 550.025 is not appropriate for pretrial habeas review, and the trial court properly denied his challenge. We overrule his second and third issues.

## Conclusion

Having overruled Michaelis's issues, we affirm the trial court's order denying the requested habeas relief.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 21, 2022