## JOE AARON HORTON V. STATE

No. 31,722. March 23. 1960

*Scarborough, Black & Tarpley,* by *James K. Graham,* Abilene, for appellant.

*Bill Thomas,* County Attorney, by *Nelson Quinn,* Assistant County Attorney, Abilene, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $100.

The testimony of two Texas Highway Patrolmen shows that they stopped the appellant after they saw him driving an automobile in a weaving manner upon a public highway. They testified that after they stopped him they observed him walk, heard him talk, and smelled the odor of alcohol on him, and expressed the opinion that he was intoxicated.

Appellant testifying in his own behalf denied that he was intoxicated, but said he had drunk two or three cans of beer more than two hours before the patrolmen stopped him. He called two witnesses who saw him shortly before his arrest on this charge and they testified that he was not then intoxicated.

Appellant's sole contention is that the trial court erred in

permitting the state to prove over his objection specific acts of misconduct by asserting them as a fact in its questions during the cross-examination of one of his reputation witnesses.

Appellant called five character witnesses who testified that his general reputation for being a peaceable and law-abiding citizen was good, and that his general reputation for truth and veracity was good.

The record reflects that these witnesses were asked on cross-examination if they had heard of certain charges which were identified in the question.

To such questions and answers about what the witnesses had heard the appellant objected on the ground that they were irrelevant, immaterial to any issue in the case and were prejudicial which objection was overruled and appellant excepted. No error is shown because such cross-examination was permissible. Perkins v. State, 152 Tex. Cr. Rep. 321, 213 S.W. 2d 681.

After the third character witness had testified that appellant's general reputation for being a peaceable and law-abiding citizen was good, the state's attorney on cross-examination said to the witness that in connection with appellant's reputation I would like to ask you some questions. At this time appellant's attorney asked the court "may we have our exceptions" evidently referring to those exceptions taken during the cross-examination of the two previous witnesses, and to which the court assented. The state thereafter asked the witness, as he had the two previous witnesses, if he had heard of certain charges. In addition thereto he asked the witness if he knew about appellant being charged in two instances with drunkenness. To which he answered: one in the affirmative and the other in the negative.

The complaint of the state's attorney asking the third character witness on cross-examination if he knew about appellant being charged with drunkenness thereby asserting it as a fact cannot be considered because there were no objections to such questions.

The evidence is sufficient to support the conviction and no reversible error appearing the judgment is affirmed.

Opinion approved by the Court.