Charles Ray SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 40547.

Court of Criminal Appeals of Texas.

July 19, 1967.

Rehearing Denied Oct. 11, 1967.

Don Metcalfe, James B. Zimmerman, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert Stenson, John Stauffer and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, 99 years.

The sufficiency of the evidence to sustain the conviction is not challenged and a recitation of the facts adduced will not be undertaken other than to assert that the defense of self-defense was interposed and was by the jury rejected. A motion for probation was made and submitted to the jury in the court's charge.

Appellant's first grounds of error relate to the court's failure to instruct the jury not to consider certain argument of the prosecutor. Appellant's counsel had argued in favor of probation and urged the jury not to take away appellant's hope for the future. In answer thereto the following occurred:

"MR. STINSON: * * * Now, there is another reason, still another reason: He says, 'Don't leave this boy without hope.' I know that none of you are blind. You have been here the past two days; your here at this moment. You can see the people in the courtroom. These are the people here that will gain an impression by the verdict that you write down here. These people will hear that you have—many of them you have heard from the witness stand.

"MR. ZIMMERMAN: Judge, your Honor, excuse, me, Mr. Stinson, I'm going to object to him making an argument to this Jury to the effect that they should base their judgment on what these people think.

"THE COURT: I sustain it.

"MR. ZIMMERMAN: Because the law doesn't contemplate that and the rights that this man has doesn't contemplate that, and I don't think they want to be used that way.

"MR. STINSON: I'm not talking about what these people think, Your Honor. I'm talking about what their verdict, the impression it will make on all of the people of this county.

"MR. ZIMMERMAN: We move for a mistrial on that grounds, Judge.

"THE COURT: Overruled.

"MR. ZIMMERMAN: Ask the Jury be instructed to disregard it.

"THE COURT: Overruled."

■ We have carefully considered the cases of Hazzard v. State, 111 Tex.Cr.R. 539, 15 S.W.2d 638, Taylor v. State, 122 Tex.Cr.R. 77, 53 S.W.2d 610, and Allison v. State, Tex.Cr.App., 248 S.W.2d 147, relied upon by appellant as well as Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262, and Pennington v. State, 171 Tex.Cr.R. 130, 345 S.W.2d 527, 85 A.L.R.2d 1130, but do not find that such holdings condemn the above quoted argument. We need cite only the opinion on motion for rehearing in Threadgill v. State, 156 Tex.Cr.R. 157, 239 S.W.2d 813, as demonstrating the type of argument which this Court, though not approving, has held not to demand a rever-

sal. See also Owens v. State, 168 Tex.Cr.R. 88, 323 S.W.2d 260; Kirk v. State, 172 Tex.Cr.R. 550, 360 S.W.2d 150; Castillo v. State, Tex.Cr.App., 362 S.W.2d 320.

■ If we properly understand appellant's contention it is that when the court sustained the first objection he certified that error had been committed. Such a contention is without merit.

■ Appellant's next ground of error relates to the failure of the trial court to submit a charge on simple assault. Reliance is had on Melton v. State, Tex.Cr.App., 367 S.W.2d 678. In Melton, the three large boys in the other automobile were shown to have been the aggressors throughout and the accused fired *over* the other automobile in the hope that he would frighten off such aggressors. In the case at bar appellant was with a group of boys who were out driving around in "Mill Place" trying to find whomever had stabbed his friend, "Mutt", and when someone on the street called his name, the driver of the automobile in which he was riding brought it to a halt, backed up to where the group was standing, and the appellant shot into the crowd. These facts distinguish the two cases, and we have concluded that the Court did not err in failing to charge on simple assault. See Smith v. State, Tex.Cr.App., 411 S.W.2d 548.

■ Appellant's last ground of error relates to certain argument of the prosecutor to which appellant's counsel objected; such objection was sustained and counsel requested no further ruling from the court. In Van Skike v. State, Tex.Cr.App., 388 S.W.2d 716, this Court held that where an objection to argument such as complained of here is sustained and appellant requests no further action by the court, any error which may have occurred is not preserved for review.

Finding no reversible error, the judgment is affirmed.