**Earlie Mae KITCHEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41862.**

Court of Criminal Appeals of Texas.

Feb. 26, 1969.

Tipton, Bishop & Ayres, by William D. Tipton, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jim Moseley, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Justice.

The offense is theft from the person; the punishment, 7 years.

We have examined the record on appeal and the grounds of error set forth in appellant's brief. Four of the six grounds relate to the sufficiency of the evidence.

The record reflects that the complaining witness, a reporter for the Houston *Chronicle*, was accosted on the streets of Houston by appellant, a prostitute, about 2 A.M. He declined her invitation "Let's go—You know where." After putting his hand on her shoulder, he walked away. He took a few steps before he discovered that his wallet containing about $50.00 was missing. He immediately turned back and demanded his wallet. She denied having it. His demand was repeated several times and appellant persisted in her denial. He threatened to call the police and turned to some people standing nearby and asked them to do so. He then turned back to appellant and saw his wallet by her left foot. He retrieved the wallet, examined it and found that his money was missing.

Appellant did not testify but offered testimony which raised the issue of alibi.

The fact issues were resolved against appellant. The evidence, viewed from the standpoint most favorable to the verdict, sustains the jury's finding.

The fifth ground of error complains that the court erred by not allowing the examining trial record into evidence, as requested by defense counsel. The record reflects no ruling on the request and no objection to any action of the court in connection therewith.

The remaining ground of error relates to argument of state's counsel to the effect that appellant's witnesses were not worthy of belief because they were prostitutes.

The record reflects no objection to any remark of counsel for the state in his argument. The ground of error is overruled. Piraino v. State, Tex.Cr.App., 415 S.W.2d 416.

The judgment is affirmed.

DOUGLAS, J., not participating.