**Lavell BRYANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42895.**

Court of Criminal Appeals of Texas.

May 27, 1970.

Rehearing Denied July 8, 1970.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, Harry J. Schultz, Jr., and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, life.

Trial was before a jury on a plea of not guilty, and the punishment was assessed by the jury.

This is a companion case to Gibson v. State, Tex.Cr.App., 448 S.W.2d 481, grow-

ing out of the robbery on March 6, 1968, of Homer T. Miller, manager of an A & P Store in Dallas, in which the manager was shot by Gibson and more than $900.00 was taken from the safe.

Appellant was identified by an employee as one of the five armed robbers, and as the robber who cocked an Army .45 caliber automatic pistol and held it to his stomach, threatening to shoot him if he moved, and was still holding the gun on him when another of the armed robbers told the employee to open the cash register.

As proof of his prior criminal record it was shown, at the punishment hearing, that appellant had been previously convicted of theft in 1963 and of the felony offense of attempt to commit burglary on February 15, 1967.

Appellant was represented at his trial by court appointed counsel. Hon. Jack Hampton was appointed to represent him on appeal.

The sole ground of error relates to the closing argument of counsel for the state at the punishment phase of the trial in which he remarked:

"Alright, so in my way of thinking if you go back and if any one of you say I'm sorry I cannot give more than ten years, I have wasted my time. I have got to get twelve. I have got to get twelve hard ones and I have got to say let's give him life because he knew what he was getting into and he is not going to put it on us."

We do not construe the remarks complained of as a comment on the possibility of parole, or as constituting reversible error under the opinion of this court in Hernandez v. State, Tex.Cr.App., 366 S.W. 2d 575.

Even so, the record reflects no objection or request for instruction to the jury to disregard the remarks. Complaint of the claimed error was first made in appellant's motion for new trial.

If error, it was not preserved. Phillips v. State, Tex.Cr.App., 450 S.W.2d 650; Kitchen v. State, Tex.Cr.App., 437 S.W.2d 867; Van Bibber v. State, Tex.Cr.App., 371 S.W.2d 880; Kirk v. State, 172 Tex.Cr. R. 550, 360 S.W.2d 150; Perez v. State, Tex.Cr.App., 396 S.W.2d 870.

The judgment is affirmed.