**Ramon Luna PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43727.**

Court of Criminal Appeals of Texas.

May 5, 1971.

---

Raul Villarreal, Frank M. Teveni, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Conway, John L. Quinlan, III and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder. The punishment 50 years.

■ Appellant's first ground of error is that the prosecutor injected an issue of race when he inquired as to the race of the 25 inmates in the cell where the murder occurred. Reliance is had solely upon this writer's opinion in Allison v. State, Tex. Cr.App., 248 S.W.2d 1147. The italicized sentence is the key to that opinion and has no application to the case at bar. In the instant case it was necessary for the State to show who the prisoners were who committed and who witnessed this cellblock murder.

■ The second ground of error grows out of the failure of the court to grant a mistrial when the following occurred: The prosecutor in his argument said, "The punishment must fit the crime. This is, in my five years as prosecutor, the worse murder I have ever seen * * *." Appellant's objection was sustained and the jury was instructed to disregard the last statement of counsel. The Court did not grant appellant's motion for mistrial. This Court had before it practically the same argument in a death penalty case, in Farmer v. State, 158 Tex.Cr.R. 397, 255 S. W.2d 864. The judgment in that case was affirmed. The remaining arguments set forth in this ground of error were proper as pleas for law enforcement, Kirk v. State, 172 Tex.Cr.R. 550, 360 S.W.2d 150, 151.

■ Appellant's third ground of error also relates to argument. It does not meet the requirement of Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. in that appellant complains about several different arguments found at different places in the record. We have examined the argument complained of and find that no statute was violated and no new and harmful fact was introduced into the case.

Finding no reversible error the judgment is affirmed.