**B. C. HUMPHREY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44688.**

Court of Criminal Appeals of Texas.

April 19, 1972.

■■■■■■■■■■■■■■■

O. Henry Young, Jr., Abilene, for appellant.

Ed Paynter, Dist. Atty., Lynn Ingalsbe, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder. Trial was held before a jury, which assessed punishment at confinement for 40 years.

Appellant raises seven grounds of error in his brief. In his first ground of error, he contends that the trial court erred in granting the State's motion in limine which prevented him from introducing the evidence of the results of two polygraph examinations of himself which were made prior to the return of the indictment.

■■■ The record reflects that the portion of the State's motion in limine to which appellant refers was not, in fact, granted. The record reflects that a hearing was held concerning several pre-trial motions. Appellant's counsel stated that he would oppose the granting of the motion unless it were qualified to the extent that he be allowed to approach the court, out of the presence of the jury, for the purpose of securing a ruling on the admissibility of such evidence, if and when the issue arose. The State agreed to such qualification. The Court thereafter stated that since both parties were in agreement, he would not make an order concerning the motion. The

record further reflects that no effort was made by appellant to offer evidence of any polygraph examination, and no adverse ruling was had on any offer. No error is presented for review.[1]

In his second and third grounds of error, appellant contends that the trial court erred in admitting certain incriminating statements made by him to police officers while at the Abilene police station. The record reflects that appellant entered the Abilene police station voluntarily on the night of the killing and told the officer on duty that he had just killed the deceased. He told the officer that the killing was accidental, that he didn't know that the gun he used was loaded, and he told the officer the location of the killing. Other officers were dispatched to the location described by appellant, where the body of the deceased was found. Another officer then accompanied appellant to another room in the police station, where appellant made essentially the same statement that he made at the front desk. All witnesses testified that appellant was in a very excited state of mind at the time. Appellant contends that evidence of his statements was inadmissible because, (1) he had not been warned properly of his rights in compliance with Art. 38.22, Vernon's Ann.C.C.P., and, (2) because the statement was an oral confession which is inadmissible by virtue of Art. 38.22, § 1(e), V.A.C.C.P. The State maintains that the statement was a spontaneous utterance and therefore, compliance with Art. 38.22 was unnecessary by virtue of Section 1(f) of that Article. An examination of the entire record, however, indicates that we need not consider either contention on its merits.

■ The record reflects that appellant testified in his own behalf. He testified to substantially the same facts as contained in his oral statement. When a defendant testifies as to the same facts as contained in

his extrajudicial statement, any objection to the admission of the statement is waived. Randall v. State, 464 S.W.2d 836 (Tex. Cr.App.1971); Lasater v. State, 456 S.W. 2d 104 (Tex.Cr.App.1970); Johnson v. State, 445 S.W.2d 211 (Tex.Cr.App.1969); Vaughns v. State, 172 Tex.Cr.R. 465, 358 S.W.2d 133 (1962).

■ The record further reflects that appellant's wife, called by him as a witness, testified on direct examination that appellant had told her that he had shot the deceased and that the shooting was an accident. She also testified that her husband told a police officer the same thing in her presence at the police station. Appellant's son also testified in his father's behalf, and his testimony was essentially the same as his mother's testimony. Where the defendant offers into evidence the same testimony to which he earlier objected, any error in the original admission is waived. See Aldridge v. State, No. 44,188 (Tex.Cr.App., delivered March 22, 1972); Batiste v. State, 464 S.W.2d 149 (Tex.Cr.App.1971); Crestfield v. State, 471 S.W.2d 50 (Tex.Cr. App.1971); Smith v. State, 437 S.W.2d 835 (Tex.Cr.App.1968). Appellant's second and third grounds of error are overruled.

■ In his fourth ground of error, appellant contends that the trial court erroneously overruled his motion for mistrial. Appellant moved for mistrial at the conclusion of the recross-examination of one of his reputation witnesses, Bill Mealer. The record reflects that the State had earlier cross-examined several of appellant's reputation witnesses by asking them "have you heard" questions. On direct examination, Mealer testified that appellant's reputation for truth and veracity was good. The State then asked Mealer if he had heard of a prior act of misconduct, and he answered that he had not. Thereafter, on redirect examination, Mealer testified

1. Results of polygraph tests are not admissible for either the State or the defendant. e. g. Lee v. State, 455 S.W. 2d 316 (Tex.Cr.App.1969); Wall v. State, 417 S.W.2d 59 (Tex.Cr.App.1967).

that he had purchased a rifle from appellant. On recross-examination, Mealer was asked if he was aware that appellant had signed a false affidavit in order to purchase a rifle which he later sold to Mealer, and if he was aware that appellant was charged with giving false information in order to purchase a firearm. No objection was made to these questions. Appellant moved for mistrial only after the conclusion of the testimony. By failing to timely object, appellant waived any error. Jenkins v. State, 435 S.W.2d 505 (Tex.Cr.App.1968); Clayton v. State, 172 Tex.Cr.R. 595, 361 S.W.2d 385 (1962); Horton v. State, 169 Tex.Cr.R. 210, 333 S.W.2d 380 (1960). Appellant's fourth ground of error is overruled.

■ In his fifth ground of error, appellant contends that the court erred in denying him the right to examine a report of the results of a ballistics test conducted on the murder weapon. The record reflects that a pre-trial hearing was held on appellant's motion for discovery. The court granted appellant's motion to inspect the pistol. At the hearing, counsel for the State stated that no ballistics tests were performed on the pistol in order to determine if it was the one used to kill the deceased. Later in the trial, Bill Ross was called in rebuttal by the State. Ross testified that he conducted tests on the pistol for the purpose of determining the size of the powder burns which result when the pistol is fired at an object at close range. He was then asked to examine photographs of the deceased and to identify powder burns on her face. After identifying the burns, Ross was asked to state his opinion as to the distance from which the pistol was fired at the deceased. Appellant took the witness on voir dire examination and questioned him in regard to the variations in the size of powder burns which can be caused by the use of different types of loads. Thereafter, the court sustained appellant's objection to the question, which was on the ground that there was no evidence of the type load used. However, Ross was allowed to testify that the pistol

was fired at close range, but did not specify an exact distance. No objection was made to the introduction of various exhibits of the results of the tests.

Appellant apparently does not assert as error the admission of Ross' testimony, but rather, contends that counsel for the State's statement at the pre-trial hearing misled him. He contends that as a result of this statement, he was "afforded no opportunity to conduct its (appellant's) own experiments in this regard. . . ." However, the record reflects that the court granted his motion to inspect the pistol. He further mentions in the argument supporting his ground of error that the minds of the jury were inflamed by Ross' comparison of the photographs of the deceased with his tests. No objection, other than the one which was sustained, was made to this testimony. In light of appellant's failure to object and the court's granting his motion to inspect the pistol, we perceive no error.

■ In his sixth ground of error, appellant contends that the trial court erred in denying his motions for mistrial made at the conclusion of the State's case in chief, at the conclusion of his evidence and at the conclusion of the State's rebuttal evidence. He contends that the cumulative effect of repeated hearsay statements, unresponsive answers and sidebar remarks by the State's witnesses precluded him from receiving a fair trial. He cites sixteen separate instances of alleged improper testimony, but does not point out why each particular instance was improper, nor does he cite any authority. This ground of error does not comply with Art. 40.09, § 9, V.A.C.C.P., and will not be reviewed by this Court. *See* Gano v. State, 466 S.W.2d 730 (Tex. Cr.App.1971); Perez v. State, 466 S.W.2d 283 (Tex.Cr.App.1971); Goad v. State, 464 S.W.2d 129 (Tex.Cr.App.1971); Alexander v. State, 458 S.W.2d 656 (Tex.Cr.App. 1970).

■ In his seventh ground of error, appellant contends that the trial court erred in granting the State's motion in limine

which prevented him from mentioning to the jury that the State had once filed its notice of intention to seek the death penalty, but had later withdrawn it. Appellant and the State agreed that he could mention that the State was not seeking the death penalty, but could not mention the filing and withdrawal of the notice of intent. Appellant does not point out how he was harmed.

We fail to perceive the relevancy of the State's withdrawal to the issue of guilt or innocence or punishment. If the withdrawal is evidence of anything, it merely shows that counsel for the State, for whatever reason, has decided not to seek the death penalty. Any bearing on the issue at trial escapes this Court. Appellant's seventh ground of error is overruled.

The judgment is affirmed.