Vera Fay HAVELKA, Appellant,

v.

STATE of Texas, Appellee.

No. 11–05–00183–CR.

Court of Appeals of Texas,
Eastland.

May 3, 2007.

Marty Cannedy, Wichita Falls, for appellant.

Michael E. Fouts, Dist. Atty., Haskell, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

The jury convicted Vera Fay Havelka of unlawful use of a criminal instrument. Tex. Pen.Code Ann. § 16.01 (Vernon 2003). The trial court assessed punishment at two years imprisonment, probated for five years, and a fine of $2,400. The judgment of the trial court is modified to reflect that the conviction is a Class A misdemeanor. As modified, the judgment is affirmed as to the conviction. The portion of the judgment assessing punishment is reversed, and the cause is remanded for a new trial as to punishment only.

In her first two issues on appeal, appellant argues that the evidence is both legally and factually insufficient to support the verdict. Appellant asserts in her third issue that, if convicted at all, she should have been convicted of no more than a Class A misdemeanor.

To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State,* 17 S.W.3d 664 (Tex.Crim. App.2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State,* 204 S.W.3d 404, 414 (Tex. Crim.App.2006) (overruling in part *Zuniga v. State,* 144 S.W.3d 477 (Tex.Crim.App. 2004)); *Johnson v. State,* 23 S.W.3d 1, 10–11 (Tex.Crim.App.2000); *Cain v. State,* 958 S.W.2d 404, 407–08 (Tex.Crim.App.1997); *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim.App.1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson,* 204 S.W.3d at 414–15; *Johnson,* 23 S.W.3d at 10–11. The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses' testimony. Tex.Code Crim. Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

Ammonia is a hazardous chemical compound rich in nitrogen that is used as fertilizer in farming operations. Anhydrous ammonia is a form in which it is

used. "Anhydrous" simply means that the ammonia is not mixed with water. Normally, after it leaves the vendor's storage facility, anhydrous ammonia is stored in tanks in areas close to where it will be used.

Anhydrous ammonia is also used in the illegal manufacture of methamphetamine. Sometimes anhydrous ammonia is stolen from field tanks on the farms. One method of stealing the anhydrous ammonia involves the use of empty, smaller propane tanks.[1] The smaller tanks require modification before they can be used to steal and transport anhydrous ammonia. Tape is placed around the threads of a soda bottle, and the soda bottle is screwed into a hole in the propane tank. That bottle is then used to function as a funnel in filling the propane tank from the larger field tank. When the smaller tank has been filled, the soda bottle is removed, and a water faucet is screwed into the tank in its place.

On June 12, 2004, Haskell County Deputy Sheriff Winston Stephens was at a rural location conducting surveillance in connection with some thefts of anhydrous ammonia from field tanks. There had been twelve prior thefts of anhydrous ammonia from the tanks. At about 2:00 a.m., while Deputy Stephens was conducting his surveillance, he noticed that someone was driving into the area. He saw the headlights of the vehicle. He drove up to the moving vehicle, a pickup. He saw several containers in the back of the pickup. Deputy Stephens recognized the containers as being the type used to steal anhydrous ammonia, and he stopped the vehicle. Appellant told Deputy Stephens that one of the containers he had seen was a gas tank and that the other was a water tank.

Although there was nothing in the area except for the tanks and an uninhabited house, appellant told Deputy Stephens that they were on the way to the town of Throckmorton. The evidence shows that the road led to the tanks, not to Throckmorton.

Deputy Stephens saw something that was covered up on the passenger's side of the pickup. Appellant's passenger denied knowing what it was. When the passenger uncovered it, Deputy Stephens found a propane tank with a hole in it and a soda bottle screwed into the top of it, like the ones used to steal anhydrous ammonia.

Deputy Stephens arrested appellant and the passenger. Other items were located during an inventory search of the pickup, including an outside water faucet wrapped in the same tape as the soda bottle on the propane tank, a pipe wrench, and flashlights. The faucet had a bluish-green discoloration, a reaction associated with oxidation that occurs during the handling of anhydrous ammonia.

■■■ Appellant asserts that the evidence is legally insufficient because "the State must produce evidence that affirmatively links the contraband to [a]ppellant in such a way that a reasonable inference may arise that the defendant knew of its existence and exercised control over it." The "links" rule is not an independent test for legal sufficiency but is merely a shorthand catchphrase for the myriad variety of circumstantial evidence that may establish knowing "possession" or "control, management, or care" of contraband. *Evans v. State*, 202 S.W.3d 158, 161–62 n. 9 (Tex. Crim.App.2006). A nonexclusive list of factors that may circumstantially establish the legal sufficiency of the evidence to

---

1. We note that the tank in the record is referred to both as a butane tank and a propane tank. Appellant was indicted for possession of a propane tank modified to receive anhydrous ammonia.

prove a knowing possession include the following: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the contraband was found; (12) whether the place where the contraband was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Id.* at 162 n. 12.

After reviewing the evidence in the light most favorable to the jury's verdict, we hold that it is legally sufficient to support the conviction. We also hold that the evidence supporting the verdict is not so weak that the verdict is clearly wrong and manifestly unjust and that the verdict is not against the great weight and preponderance of the conflicting evidence. The evidence is legally and factually sufficient to support the judgment. Appellant's first two issues on appeal are overruled.

**2.** The indictment charges that appellant:

[W]ith intent to use it in the commission of an offense, namely, Manufacture of a Controlled Substance, namely Methamphetamine, intentionally or knowingly possess a criminal instrument, to-wit: a propane tank modified so that it would serve to receive anhydrous ammonia, that was specially designed, made, or adapted for use in the commission of said offense.

■ A grand jury indicted appellant for possession of a propane tank modified so that it would serve to receive anhydrous ammonia for use in the manufacturing of methamphetamine.[2] The grand jury indicted appellant under Section 16.01 of the Texas Penal Code. That section contains the following language:

(a) A person commits an offense if:

(1) he possesses a criminal instrument with intent to use it in the commission of an offense.

. . . .

(c) An offense under Subsection (a)(1) is one category lower than the offense intended. An offense under Subsection (a)(2) is a state jail felony.

Section 16.01(a)(1), (c).

At the outset, we note that neither party has provided, nor have we been able to locate, any case in which this statute was used in a prosecution in a case of this nature. This prosecution involves Section 16.01(a)(1). Section 16.01(c) informs us that an offense under 16.01(a)(1) is one category lower than the offense intended. If the offense had been under 16.01(a)(2), the statute makes it clear that the offense would have been a state jail felony. Rather than determine the punishment applicable to a conviction for this crime, we must first determine the grade of the offense. The offense in which the criminal instrument would be used in this case is the illegal manufacture of methamphetamine.[3]

**3.** We note that the indictment in this case did not charge appellant with possession of the tank with intent to commit an offense under TEX. HEALTH & SAFETY CODE ANN. § 481.124 (Vernon Supp.2006) (possession of anhydrous ammonia with intent to manufacture methamphetamine). Under Section 481.124, the possession of anhydrous ammonia in a container that is not designed to hold anhydrous ammonia is a second-degree felony. Therefore, if appellant had been charged with pos-

Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003) addresses the various levels of offenses involving the manufacture, delivery, or possession with intent to deliver methamphetamine. The most serious offense is one punishable for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000, if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, 400 grams or more. There are other intermediate offenses, all of which provide for a punishment dependent upon the amount of methamphetamine manufactured, delivered, or possessed with the intent to deliver. The least serious offense is a state jail felony if the amount is less than one gram.

The proof contemplated in Section 481.112 involves, in part, the amount of the methamphetamine manufactured, delivered, or possessed with the intent to deliver. The offense in this case, possession of a criminal instrument, is one degree less than the offense for which the use of the criminal instrument is intended. The classification of this offense, therefore, depends upon how much methamphetamine appellant intended to manufacture. There is no evidence, nor can there in reason be any evidence, regarding the amount of methamphetamine to be manufactured. Under these circumstances and under the statute, it would be rare indeed that such proof would be available.

■ When the classification of a controlled substance offense is dependent upon the amount of the controlled substance, the amount need not be pleaded and proven to sustain a conviction for the lowest classification. *Stockton v. State,* 756 S.W.2d 873 (Tex.App.-Austin 1988, no writ) (citing *Suarez v. State,* 532 S.W.2d 602 (Tex.Crim.App.1976)). The lowest classification for the manufacture of methamphetamine is a state jail felony. Section 16.01(c) provides that possession of a criminal instrument should be one degree less than the offense intended. In the absence of proof of the amount intended to be manufactured, which would be difficult to prove at best, manufacture of methamphetamine would be classified as a state jail felony. One degree less than that would be a Class A misdemeanor. Appellant was convicted of a state jail felony; appellant should have been convicted of a Class A misdemeanor. Appellant's third issue is sustained.

The judgment of the trial court is modified to reflect that the conviction is a Class A misdemeanor. As modified, the judgment is affirmed as to the conviction. The portion of the judgment assessing punishment is reversed, and the cause is remanded for a new trial as to punishment only.

---

sessing the tank with intent to possess or transport anhydrous ammonia, the offense in this case would have been a third-degree felony.