**Opinion filed August 8, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00212-CR

_____

## MATTHEW RYAN BLAIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 238th District Court
### Midland County, Texas
### Trial Court Cause No. CR-38072

## MEMORANDUM OPINION

Matthew Ryan Blain appeals his conviction for possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011). The jury assessed punishment at confinement for three years. The trial court sentenced him accordingly. Appellant challenges the trial court's failure to suppress statements made by him to law enforcement, the sufficiency of the evidence to support his

conviction, a denial of due process because of the lack of evidence, and an improper jury argument. We affirm.

## I. *Trial Evidence*

Midland County sheriff's deputies were dispatched to investigate a "shots fired" complaint to determine whether a crime had been committed. When Lieutenant Donald Graham and Deputy Edward Brawn arrived, they found Appellant and Shawn Corey Thomas standing near a pickup that was parked behind a house. Neither Appellant nor Thomas was holding a gun, and Lieutenant Graham and Deputy Brawn did not see a gun as they approached the pickup.

When Lieutenant Graham and Deputy Brawn questioned Appellant and Thomas, Lieutenant Graham recognized Appellant from a prior incident. The officers asked Appellant and Thomas what they were doing, and Appellant told them that he and Thomas had been shooting clay pigeons with a shotgun. Lieutenant Graham and Deputy Brawn noticed that there were spent shotgun shells on the ground. Although Thomas's shotgun was in the bed of the pickup and was covered with a jacket, the butt of the gun was exposed.

Lieutenant Graham had Deputy Brawn check Appellant's criminal history because he recognized Appellant and remembered that Appellant had been wearing a monitor when he had last seen him. The dispatcher informed Lieutenant Graham and Deputy Brawn that Appellant had a felony conviction, and they arrested him.

## II. *Standard of Review*

### A. Motion to Suppress

Appellant complains in his first point of error that the trial court erred when it denied his motion to suppress certain statements he made at the scene of the offense. We will not disturb a trial court's ruling on a motion to suppress absent an abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005).

2

An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1991); *Brown v. State*, 381 S.W.3d 565, 570–71 (Tex. App.—Eastland 2012, no pet.). Our review is a bifurcated one: we give almost total deference to a trial court's determination of historical facts, and we review the trial court's application of law de novo. *State v. Weaver*, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011); *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

Appellant contends that, because the officers failed to comply with *Miranda v. Arizona*, 384 U.S. 436 (1966), before questioning him in a custodial interrogation, the statements that he made during that interrogation were inadmissible. The State argues that no warnings were required because Appellant was not in custody when he made the statements. We agree.

Before a person may be subjected to custodial interrogation, the person must be given *Miranda* warnings. *Miranda*, 384 U.S. at 444; *see also Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). "Statements elicited in noncompliance with this rule may not be admitted for certain purposes in a criminal trial." *Stansbury v. California*, 511 U.S. 318, 322 (1994). A police officer's obligation to provide *Miranda* warnings attaches when a person is in "custody." *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). A person is in custody when there is "a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (quoting *Mathiason*, 429 U.S. at 495).

Courts consider the totality of the circumstances surrounding the interrogation to determine whether a person is in "custody." *Stansbury*, 511 U.S. at 322. Custody determinations turn on the objective circumstances of the interrogation rather than the subjective views of the officers or the person being

3

questioned. *Stansbury*, 511 U.S. at 322. "[T]he question turns on whether, under the facts and circumstances of a case, 'a reasonable person would have felt that he or she was not at liberty to terminate the interrogation and leave.'" *Nguyen v. State*, 292 S.W.3d 671, 678 (Tex. Crim. App. 2009). "The 'reasonable person' standard presupposes an *innocent* person." *Dowthitt*, 931 S.W.2d at 254. An officer's subjective intent is irrelevant unless the officer communicates that intent to the suspect. *Id.* "The determination of custody must be made on an ad hoc basis, after considering all of the (objective) circumstances." *Id.* at 255.

Short of an arrest, officers are justified in briefly detaining individuals to investigate when the officers arrive at a location where a crime has been reported. *Mays v. State*, 726 S.W.2d 937, 944 (Tex. Crim. App. 1986). "A police officer may briefly stop a suspicious individual in order to determine his identity or maintain his status quo momentarily while obtaining more information." *Gearing v. State*, 685 S.W.2d 326, 327–28 (Tex. Crim. App. 1985). The Supreme Court has instructed that "reasonable suspicion of criminal activity warrants a temporary seizure for the purpose of questioning limited to the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 498 (1983).

Here, deputies responded to a report of "shots fired." Deputy Brawn testified that, depending on the circumstances, it could be extremely dangerous and constitute the offense of deadly conduct to discharge a firearm in the location of the call. *See* TEX. PENAL CODE ANN. § 22.05(b)(2) (West 2011) (discharging a firearm in the direction of an occupied structure constitutes deadly conduct). When the deputies arrived at the location where gunshots had been reported, they had reason to believe that Appellant and Thomas were involved, and the deputies were justified in briefly detaining them. *See Mays*, 726 S.W.2d at 944.

After the deputies identified themselves, Lieutenant Graham recognized Appellant and remembered that Appellant "had a monitor on him" during a prior

4

encounter. When asked what they were doing, Appellant said that he and Thomas had been shooting clay pigeons with a shotgun. These questions were asked when the officers first made contact and were assessing the situation; the questioning was not extensive or lengthy, and Appellant had freedom of movement. Lieutenant Graham testified that he instructed Deputy Brawn to check Appellant's criminal history because, based on his prior experience with Appellant, he thought that Appellant may have had a felony conviction, and Appellant had admitted to shooting the gun. Appellant was neither placed under arrest nor handcuffed until the dispatcher told the deputies that Appellant had been convicted of a felony. These facts demonstrate that the officers were warranted in temporarily detaining Appellant to investigate because there was reasonable suspicion of criminal activity.

We conclude that, based on the totality of the circumstances, the trial court did not abuse its discretion when it concluded that Appellant was not in custody when he made this statement. Because Appellant was not in custody, he was not entitled to *Miranda* warnings. Appellant's first point of error is overruled.

### B. Sufficiency of the Evidence

Appellant complains in his second point of error that the evidence is insufficient to support the jury's finding of guilt. He argues that he was not holding the shotgun and that his fingerprints were not on the shotgun. He also argues that he was not in exclusive possession of the place where the gun was found. Therefore, Appellant contends, "[I]t cannot be said [that] he exercised control over [the shotgun]."

We review the sufficiency of the evidence under the standard of review in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.— Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the

5

evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury may make reasonable inferences from the evidence and can rely on both circumstantial and direct evidence in its determination. *Hooper v. State*, 214 S.W.3d 9, 14–16 (Tex. Crim. App. 2007). We defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is afforded. *Brooks*, 323 S.W.3d at 899.

To commit a possession offense, a person must voluntarily possess the prohibited item. TEX. PENAL CODE ANN. § 6.01(a) (West 2011). Possession is voluntary "if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *Id.* § 6.01(b). "We analyze the sufficiency of the evidence to prove possession of a firearm by a felon under the rules adopted for determining the sufficiency of the evidence in cases of possession of a controlled substance." *Bollinger v. State*, 224 S.W.3d 768, 773 (Tex. App.—Eastland 2007, pet. ref'd). In an unlawful possession case, "the State must prove that the accused exercised care, control and management over the contraband," or here, the shotgun. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). Exclusive control is unnecessary and "can be jointly exercised with one or more persons." *Id.*

When a defendant does not have exclusive possession of the place where the contraband was found, however, we cannot conclude he had knowledge of the contraband or control over it unless there are additional facts that "affirmatively link" the defendant to the contraband. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). The "affirmative links rule" should protect innocent bystanders from conviction based solely on their proximity to someone else's contraband. *Id.* It is not the number of links that is important but the degree to which

6

they link the defendant to the contraband. *Williams v. State*, 906 S.W.2d 58, 65 (Tex. App.—Tyler 1995, pet. ref'd); *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd).

Some of the relevant factors used to "affirmatively link" a suspect to contraband are (1) whether the defendant was present during the search, (2) whether the contraband was in plain view, (3) whether the defendant made incriminating statements when arrested, and (4) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006) (citing *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). The rule requiring affirmative links is not an independent test for assessing sufficiency but, instead, "is merely a shorthand catchphrase for the myriad variety of circumstantial evidence that may establish knowing 'possession' or 'control, management, or care.'" *Havelka v. State*, 224 S.W.3d 787, 789 (Tex. App.—Eastland 2007, no pet.) (citing *Evans*, 202 S.W.3d at 161–62).

Appellant contends, as a preliminary matter, that Thomas's testimony cannot be relied on to establish the necessary "affirmative links" because that testimony must be corroborated under the accomplice-witness rule. The State argues that Thomas was not an accomplice and that his testimony does not require corroboration. Even if we were to agree that Thomas was an accomplice witness, there is other evidence in the record that sufficiently supports the conviction, including the statements made to the officers by Appellant.

Our review of the record reveals several facts that "affirmatively link" Appellant to the shotgun. Appellant was present when the deputies arrived on the scene, and although the shotgun was concealed by a jacket, the butt of the gun was in plain view. Spent shell casings and clay pigeons were visible as well. After identifying himself, Appellant told the officers that he and Thomas had both been

shooting clay pigeons with the shotgun. In addition to Appellant's confession, there is other evidence indicating consciousness of guilt. Lieutenant Graham testified that, after Appellant's arrest and while he was sitting in the back of the patrol car, Appellant "was pleading to me to give him a break." After reviewing all of the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that Appellant exercised control over the shotgun and had knowledge of its presence. Appellant's second point of error is overruled.

In his third point of error, Appellant claims that he was denied due process because his conviction was based upon insufficient evidence. We have now held that there was sufficient evidence to support Appellant's conviction. He was not, therefore, denied due process. Appellant's third point of error is overruled.

*C. Improper Jury Argument*

Appellant contends in his fourth point of error that, during closing argument, the State incorrectly told the jury that "the Judge told you in that jury charge, that [Appellant] was convicted of a felony. He told you that burglary of a building is a felony offense." There was no objection to the argument. The State argues that, because Appellant did not object to the jury argument, he has waived any complaint on appeal.

To preserve an issue for appellate review, the complaining party must have made a timely and specific objection and received an adverse ruling. *See* TEX. R. APP. P. 33.1. A jury argument in which the law is misstated or that contains matters that are contrary to the instructions in the jury charge is improper. *Kuhn v. State*, 393 S.W.3d 519, 540 (Tex. App—Austin 2013, pet. ref'd). However, in order to preserve the complaint on appeal, a defendant must object to the improper argument. TEX. R. APP. P. 33.1. Here, there was no objection, and Appellant has waived the complaint. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App.

8

1996); *Bryant v. State*, 455 S.W.2d 235, 236 (Tex. Crim. App. 1970).  Appellant's fourth point of error is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


August 8, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.