Opinion filed September 19, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00089-CR

_____

## CARLTON LORY CARTER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR38453**

## M E M O R A N D U M   O P I N I O N

The jury convicted Carlton Lory Carter of the offense of possession of methamphetamine with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010). Appellant entered pleas of true to both enhancement allegations, and the trial court assessed punishment at confinement for twenty-five years and sentenced him accordingly. We affirm.

## I. *Issues Presented*

Appellant presents three issues on appeal.  First, Appellant challenges the sufficiency of the evidence to support his conviction.  Second, Appellant complains that the lack of evidence to support his conviction results in a violation of his due process rights.  Third, Appellant complains of improper jury argument in the State's closing argument.

## II. *Evidence at Trial*

Travares Webb, a State Trooper with the Texas Department of Public Safety, testified that he stopped a pickup after he observed the driver of the pickup commit two traffic infractions.  Appellant was the driver of the pickup.  When Appellant stopped the pickup, he immediately got out of the driver's side and went to Trooper Webb's patrol vehicle.  Trooper Webb was concerned with the way that Appellant got out of the vehicle because, based on Trooper Webb's training and experience, such behavior typically indicates that the person is trying to divert attention from something inside the vehicle.  Trooper Webb conducted a pat-down search of Appellant and found no contraband.  Appellant told Trooper Webb that the pickup was Appellant's current work pickup but that it had been in someone else's possession.

William Shane Forgus was a passenger in Appellant's pickup.  Trooper Webb conducted a pat-down search of Forgus and found methamphetamine on his person.  Trooper Webb got the two remaining occupants—Leslie Pickens and Brittney Quinn—out of Appellant's pickup and searched it.  Trooper Webb found a baggie that contained eleven small baggies of methamphetamine; he found it in the headliner on the driver's side of the pickup.  Trooper Webb testified that the place where he found the baggie was readily accessible from the driver's seat but not readily accessible from the passenger's seat.  All of the occupants of the vehicle appeared to be "spaced out" and under the influence of some substance, but

Trooper Webb performed no intoxication tests. Further, Trooper Webb testified that the video from the patrol car camera did not reflect any signs that Appellant was intoxicated.

Pickens testified that Appellant gave her and Quinn some methamphetamine earlier in the day and that they all three "ended up getting high." Later, Appellant, Pickens, and Quinn "did more [methamphetamine]" at a trailer where they picked up Forgus. According to Pickens, Appellant provided all of the methamphetamine that she used that day. Thereafter, all four people left the trailer, and after they stopped at a store, Trooper Webb pulled them over. Pickens testified that she was "pretty high" at this point but recalled no one stashing anything in Appellant's pickup during the stop.

Quinn testified that she, Appellant, Pickens, and Forgus had been partying all day and smoking methamphetamine that Appellant provided. Quinn said that Appellant was "acting kind of weird" during the time just before Trooper Webb stopped them; "everybody acts weird when they're high." According to Quinn, at the time of the stop, Appellant had the pickup in his possession for "[m]aybe a week and a half, two weeks," and Quinn did not notice or recall anyone in the pickup stashing or trying to conceal anything.

### III. *Sufficiency of the Evidence*

Appellant contends in his first issue that the evidence was legally and factually insufficient to support the jury's finding that he possessed the methamphetamine that Trooper Webb found in the headliner. Appellant argues that he was not holding any contraband and that the police discovered the methamphetamine deep in the headliner of the vehicle, not in open view. Therefore, Appellant argues that he did not have exclusive possession or control over the place where the contraband was found and that there was no affirmative link between him and the methamphetamine.

3

We review the sufficiency of the evidence, whether legal or factual, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury may make reasonable inferences from the evidence and can rely on both circumstantial and direct evidence in its determination. *Hooper v. State*, 214 S.W.3d 9, 14–16 (Tex. Crim. App. 2007). We defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is afforded. *Brooks*, 323 S.W.3d at 899.

In a prosecution for possession of a controlled substance, the State must prove that the defendant exercised care, custody, control, or management over the substance and that the accused knew the substance was contraband. *See* HEALTH & SAFETY § 481.002(38); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). Sufficient control need not be exclusive; joint possession sustains a conviction. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). When a defendant did not have exclusive possession of the place where the contraband was found, however, we cannot conclude he had knowledge or control of the contraband unless there are additional facts that "affirmatively link" the defendant to the contraband. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

The "affirmative links rule" protects innocent bystanders from conviction based solely on their proximity to someone else's contraband. *Id.* The number of links is not as important as the degree to which they affirmatively link the defendant to the contraband. *Williams v. State*, 906 S.W.2d 58, 65 (Tex. App.—

4

Tyler 1995, pet. ref'd); *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd). Some of the relevant factors used to "affirmatively link" a suspect to contraband are:

(1) the defendant's presence when a search is conducted;
(2) whether the contraband was in plain view;
(3) the defendant's proximity to and the accessibility of the narcotic;
(4) whether the defendant was under the influence of narcotics when arrested;
(5) whether the defendant owned or had the right to possess the place where the drugs were found;
(6) whether the place where the drugs were found was enclosed; and
(7) whether the defendant's conduct indicated a consciousness of guilt.

*See Evans*, 202 S.W.3d at 162 n.12. The "affirmative links rule" is not an independent test for assessing sufficiency but is merely a shorthand catchphrase for the myriad variety of circumstantial evidence that may establish knowing "possession" or "control, management, or care" of contraband. *Havelka v. State*, 224 S.W.3d 787, 789 (Tex. App.—Eastland 2007, no pet.) (quoting *Evans*, 202 S.W.3d at 161–62 n.9).

Our review of the record reveals several facts that "affirmatively link" Appellant to the methamphetamine found in the headliner of his pickup. Appellant was present when police found the methamphetamine; he was in possession of and driving the pickup in which the methamphetamine was found; and police found the methamphetamine in a readily accessible place on the driver's side of Appellant's pickup. Two other occupants of Appellant's pickup testified that Appellant had provided them with methamphetamine earlier in the day and that no one stashed anything in the headliner while Appellant was out of his pickup. Finally, Appellant's conduct indicated a consciousness of guilt when he immediately got out of his pickup after Trooper Webb stopped him, and there is some evidence that

Appellant was under the influence of methamphetamine at the time of the stop. After reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant exercised control over the methamphetamine and had knowledge of its presence. Appellant's first issue is overruled.

## IV. *Due Process*

Appellant contends in his second issue that, because there was insufficient evidence to support his conviction, he was denied due process. We have held that there was sufficient evidence to support Appellant's conviction; therefore, Appellant was not denied due process. We overrule Appellant's second issue.

## V. *Improper Jury Argument*

Appellant contends in his third issue that, during closing argument, the State improperly told the jury that the "drugs were there because they were [Appellant's]." Appellant also contends that the State improperly argued outside the evidence when it stated that there were no fingerprints because fingerprints do not always transfer and that the defense was attempting to distract the jury with the lack of fingerprint evidence. Appellant did not object to these arguments. The State argues that Appellant has waived any such complaint on appeal because he failed to object to the jury argument.

A prosecutor may draw reasonable, fair, and legitimate inferences from the evidentiary facts but may not use closing arguments to present evidence outside the record. *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011). To preserve an issue for appellate review, however, the complaining party must have made a timely and specific objection and received an adverse ruling. *See* TEX. R. APP. P. 33.1. Here, there was no objection; Appellant has waived the complaint. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Appellant's third issue is overruled.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

September 19, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.